## BAUMAN AND GARRITY OF LAKEVILLE, INC. *v.*
## GEORGE E. EMERSON, INC.
## (5507)

DUPONT, C. J., BORDEN and STOUGHTON, Js.

Argued February 11—decision released April 26, 1988

*Zbigniew S. Rozbicki,* for the appellant (plaintiff).

*Charles F. Brower,* with whom was *Jeffrey C. Nicholas,* for the appellee (defendant).

BORDEN, J. The plaintiff, a plumbing and heating contractor, brought this action against the defendant, a general contractor, for breach of an alleged conditional oral agreement by the defendant to award the plaintiff the mechanical portion of a construction project. The plaintiff appeals from the judgment rendered in

favor of the defendant, after a jury trial, claiming that the trial court erred (1) in its instructions to the jury, and (2) in denying the plaintiff's motion to poll the jury after the verdict was announced. We find error.

The plaintiff's theory of recovery, as alleged in its complaint and supported by the evidence, was that the defendant contacted the plaintiff to solicit a bid for plumbing, heating and air conditioning work as a subcontractor on a proposed addition to the Salisbury Bank (bank). The bid was solicited by the defendant in conjunction with its proposed bid to the bank to perform the project as a general contractor. The defendant's bid had to be submitted to the bank by 2 p.m. on September 1, 1983. The plaintiff claimed that the defendant represented that, in order to meet the defendant's bid submission deadline, the plaintiff had to submit its bid to the defendant by 12 noon on that day so that the defendant could timely submit its bid.

At 11:43 p.m. on September 1, the plaintiff submitted a bid to the defendant. The plaintiff claimed that the defendant's agent represented to the plaintiff that its bid was the lowest, that the plaintiff would be designated as a subcontractor in the bid to the bank, and further that if the defendant was awarded the general contract, the plaintiff would be awarded the plumbing, heating and air conditioning subcontract. The defendant used the plaintiff's bid in the bid to the bank. The defendant was awarded the general contract but refused to award the plaintiff the subcontract.

The defendant claimed that no acceptance of the plaintiff's bid ever took place, and that any representations made by the defendant to the plaintiff regarding whether the plaintiff would be used on the project depended on whether the plaintiff's bid turned out to be the lowest. Before 2 p.m. on September 1, and while the defendant's president was en route to the

bank to submit the defendant's bid on the project, the defendant received a lower bid from another subcontractor. After the defendant's bid was accepted by the bank, the defendant employed that other subcontractor to do the mechanical portion of the project, and executed a formal written contract with that subcontractor after approval of the subcontractor by the owner and architect.

The plaintiff first claims that the court erred by charging the jury that, before it could find that the plaintiff's bid was accepted by the defendant and a contract formed, the jury first had to conclude that the plaintiff submitted the lowest bid before the time that the defendant delivered its bid to the bank.[1] We agree.[2]

---

[1] The challenged portion of the jury instructions is as follows: "Even though an acceptance of an offer may be oral, it is still binding. It will be a question of fact for you to determine, whether [the] plaintiff's bid was the lowest *at the time Mr. Emerson filed his bid with the bank. If you find that it was the lowest bid at that time, you will then consider whether Mr. Emerson had accepted the offer. If you find that it was not the lowest bid at that time, then you would find that the plaintiff had failed to prove by a fair preponderance of the evidence the material allegation of the complaint.*" (Emphasis added.)

[2] The defendant claims that the plaintiff's exception to the court's instructions was inadequate to preserve this claim of error for appellate review. We do not agree.

After the court's charge, the following colloquy between the plaintiff's counsel and the court took place with respect to the challenged instruction:

"Mr. Rozbicki: Yes, Your Honor, I'm going to take exception to the Court's charge that the defendant could only accept—I think the Court's charge to the jury was that they could only find a contract if the defendant accepted the lowest bid, if I understood Your Honor's—

"The Court: Just state your exceptions.

"Mr. Rozbicki: All right. That is my exception, because under the law—

"The Court: No, all I want—I don't want argument. I just want a list of your exceptions. . . . I just want the exceptions by saying in failing *to charge or not charging*, that is the way I want the exceptions put forth. I don't want argument on them.

"Mr. Rozbicki: I just don't know whether Your Honor understands my exception?

The court erred by instructing the jury that it must first find that the plaintiff's bid was the lowest at the time the defendant submitted its bid on the project to the bank. This fact, however, was not relevant to the plaintiff's theory of the case. The plaintiff's case was based upon proof that the defendant accepted the plaintiff's bid orally on September 1 and created a contract by indicating to the plaintiff that, if the defendant was awarded the contract on the project, the defendant would use the plaintiff as a subcontractor. The plaintiff's legal claim was that its bid constituted an offer to which the defendant's agent manifested an acceptance subject only to the condition precedent that the defendant be chosen as the general contractor on the project. See generally J. Calamari & J. Perillo, Contracts (3d Ed.) §§ 11-1, 11-2, 11-5.

---

"The Court: I understand.

"Mr. Rozbicki: I just want to protect the record. So, you do not want to hear any comments?

"The Court: If you have any more exceptions, I want the exceptions stated in a legal fashion.

"Mr. Rozbicki: The exception, that the plaintiff was precluded from accepting anything less than the lowest bid I think is error because he could have created a contract.

"The Court: All right."

Since the purpose of the requirement to except to the court's charge in accordance with Practice Book § 315 is to permit the trial court seasonably to "cure any defects or ambiguities in the charge"; *Thomas* v. *Katz,* 171 Conn. 412, 414, 310 A.2d 978 (1976); *Mihalek* v. *Cichowski,* 4 Conn. App. 484, 486, 495 A.2d 721 (1985); and since the plaintiff raised his claims of error to the extent permitted and desired by the trial court and sufficiently to apprise the trial court of the claim which he now presses on appeal, we conclude that, under these circumstances, counsel complied with the requirements of Practice Book § 315 to "state distinctly the matter objected to and the ground of objection."

The decision in *Smith* v. *Czescel,* 12 Conn. App. 558, 562 n.2, 533 A.2d 223 (1987), is distinguishable from this case. In *Smith,* the truncated exception failed to apprise the trial court adequately of the claim later urged on appeal, and, in *Smith,* the plaintiff's counsel did not attempt to protect the record further for appeal after first being cut short by the trial court. Here, by contrast, the plaintiff's counsel was persistent, and did make as adequate an exception as was possible under the circumstances.

"A condition precedent is a fact or event which the parties intend must exist or take place before there is a right to performance. A condition is distinguished from a promise in that it creates no right or duty in and of itself but is merely a limiting or modifying factor. If the condition is not fulfilled, the right to enforce the contract does not come into existence. Whether a provision in a contract is a condition the nonfulfilment of which excuses performance depends upon the intent of the parties, to be ascertained from a fair and reasonable construction of the language used in the light of all the surrounding circumstances when they executed the contract." (Citations omitted.) *Lach* v. *Cahill*, 138 Conn. 418, 421, 85 A.2d 481 (1951). The issue of whether or not the plaintiff's bid was the lowest simply was not an issue in this case. Instead, whether the plaintiff's bid was accepted by the defendant as alleged was the central factual and legal dispute for the jury to determine.[3] The challenged instruction, therefore,

---

[3] We note that later in its instructions the court did properly charge on the principles applicable to a condition precedent, when the court instructed the jury as follows:

"In this case, [the] plaintiff claims that the acceptance of the bid was subject to a condition. That condition was that the defendant's proposal to perform the work for the bank had to be accepted. If the defendant's proposal was accepted, then the plaintiff would perform the plumbing and heating work on the bank."

Shortly thereafter, the court also adequately instructed the jury on the principles of acceptance in the context of subcontractor and general contractor bidding as follows:

"An invitation to bid or a request to a subcontractor to submit a bid is not an offer or a contract but, rather, an invitation to the subcontractor to make an offer. Accordingly, the submission of a bid by a subcontractor gives rise to no rights on his part, unless and until the bid is accepted by the general contractor.

"Accordingly, if you find from the evidence that the only communication from the defendant to the plaintiff was to invite the submission of the bid for the plumbing and heating work in connection with the Salisbury Bank job, you would not find a basis from that evidence alone that the defendant made an offer to anyone, including the plaintiff, to enter into

had the effect of charging the plaintiff's theory of recovery out of the case and, under the circumstances, was tantamount to improperly directing a verdict in the defendant's favor.[4]

There is error, the judgment is set aside and the case is remanded for a new trial.

In this opinion the other judges concurred.

---

a contract. This in and of itself would not be the basis for you to find a contract, unless the defendant accepted the plaintiff's bid as a condition of his bid on the contract of the Salisbury Bank job.''

While we recognize that a jury charge need not be perfect; *Novella* v. *Hartford Accident & Indemnity Co.,* 163 Conn. 552, 570, 316 A.2d 394 (1972); we cannot say that the court's later instructions sufficiently corrected its earlier misstatement of the law. The jury was still told that the plaintiff could not prevail, and that the issue of whether the defendant had accepted the plaintiff's offer need not be considered, unless the jury *first* found the plaintiff's bid to be the lowest. Under the circumstances of this case, the court effectively precluded the jury from considering its later instructions on acceptance and conditions precedent. Consequently, we cannot say that the charge, as a whole, fairly presented the case to the jury in such a way that injustice was not done to the plaintiff under the established rules of law, because the charge failed to assist the jury in applying the law correctly to the facts which they might reasonably have found to have been established. Id.

[4] The plaintiff's remaining claims of error are not likely to recur at the new trial. Accordingly, we need not address them.

In its brief, the defendant presents an alternate ground upon which the judgment may be affirmed, namely, that the evidence was insufficient to support a finding that a contract existed between the parties. There is, however, sufficient evidence in the record which, if believed by the jury, would support the plaintiff's claim that a contract subject to a condition precedent had been formed.