## MARION SWENSON *v.* THOMAS SAWOSKA
## (6477)

SPALLONE, DALY and O'CONNELL, Js.

Argued April 6—decision released June 13, 1989

*Zbigniew S. Rozbicki,* with whom, on the brief, was *Francis MacGregor,* for the appellant (plaintiff).

*Trudie Ross Hamilton,* with whom was *Thomas J. Sansone,* for the appellee (defendant).

O'CONNELL, J. The plaintiff appeals from the judgment rendered in favor of the defendant in an action for personal injuries sustained by the plaintiff in a motor vehicle accident.

The plaintiff claims that the trial court erred (1) in admitting into evidence the narrative portion of the investigating officer's police report, (2) in charging the jury on the law of sudden emergency, and (3) in bifurcating the trial of the liability and damage issues. We find no error.

The jury could reasonably have found the following facts. About 11 p.m. on a snowy December night, the plaintiff attempted to drive her automobile up-a very slippery hill. The road had not been plowed and driving conditions were extremely hazardous. The plaintiff's first attempt to get up the hill was unsuccessful and she backed down and tried again. This time, her car skidded sideways and came to rest crosswise, partially in the oncoming traffic lane, about fifty to sixty yards from the crest of the hill.[1] At this moment, the vehicle operated by the defendant came over the crest of the hill. The defendant was unable to stop his vehicle's downhill motion before it struck the plaintiff's vehicle on the driver's side. The investigating state trooper, after talking with each operator, arranged for the plaintiff's transportation from the scene by ambulance.

I

The plaintiff first claims that the trial court erred in admitting the narrative portion of the police report into evidence. She claims that that evidence was admitted in violation of the hearsay rule because the officer could not remember which party had made some of the statements from which he prepared his report.

As a general rule, a police accident report is admissible as a business record under General Statues § 52-180. *State* v. *Milner*, 206 Conn. 512, 521, 539 A.2d 80 (1988); *Hutchinson* v. *Plante*, 175 Conn. 1, 4, 392

---

[1] The plaintiff vigorously disputes this distance.

A.2d 488 (1978). This rule, however, does not automatically allow everything in a police report into evidence. *State* v. *Milner,* supra; *Hutchinson* v. *Plante,* supra. Here, the plaintiff argues against the admission of that portion of the officer's narrative that recites that "[the plaintiff's] second attempt caused [her] vehicle to slide crosswise in the road and stop when [the defendant's] vehicle suddenly came over the hill." She bases the objection on the officer's failure to recollect which party was the source of the information giving rise to this comment. If the information came from the plaintiff, it arguably would be admissible as an admission against interest. Whereas, if the information was supplied by the defendant it probably would be inadmissible as a self-serving declaration from a person with no business duty to give information to the police. See *Hutchinson* v. *Plante,* supra, 6–7.

The defendant argues that a peculiar scenario of objections, exceptions and withdrawals of objections left the plaintiff without a preserved objection to appeal the admission of the narrative portion of the police report. After an examination of the transcript, we do not agree that the plaintiff was stranded without a properly preserved objection. We, therefore, will consider her claim of error on its merits.

The plaintiff correctly asserts that the officer declined to testify that he distinctly remembered which operator was the source of the statement at issue. As a result, we are precluded from ascertaining whether that portion of the report was hearsay. Even if we assume that it was hearsay, we cannot conclude that its admission requires reversal. There was sufficient other evidence to support the jury's verdict, including the location of the damage on the plaintiff's car. Any error, therefore, would be harmless.

## II

The plaintiff next claims that the court erred in charging the jury on the emergency doctrine because the defendant had not requested that instruction. This contention deserves little attention. It is the duty of the court to provide any instruction appropriate to the facts that will assist the jury in its deliberation. The failure of a party to request a particular charge does not preclude the court from giving it, as long as it is "correct in law, adapted to the issues and ample for the guidance of the jury." *Nesbitt* v. *Mulligan,* 11 Conn. App. 348, 354, 527 A.2d 1195, cert. denied, 205 Conn. 805, 531 A.2d 936 (1987).

Furthermore, in excepting to the trial court's charge on the emergency doctrine, the plaintiff simply stated, "I just think it is improper." Such explanation is insufficient to preserve her exception for appellate review. Practice Book § 315 delineates the procedure to be followed when an exception to a jury charge is taken. The pertinent part of § 315 provides that "[c]ounsel taking the exception shall state distinctly the matter objected to and the ground of objection." The purpose of this rule is to give the trial court an opportunity to consider the exception in the light of the ground stated and consider it if appropriate. *Thomas* v. *Katz,* 171 Conn. 412, 414, 370 A.2d 978 (1976); *Nisbet* v. *Olmeda,* 15 Conn. App. 6, 15, 544 A.2d 642 (1988). If counsel does not fully apprise the trial court of the grounds for the exception, the matter generally will not be considered on appeal. *Bauman & Garrity of Lakeville, Inc.* v. *George E. Emerson, Inc.,* 14 Conn. App. 261, 263–64 n.2, 540 A.2d 710 (1988); *Smith* v. *Czescel,* 12 Conn. App. 558, 563, 533 A.2d 233, cert. denied, 206 Conn. 803, 535 A.2d 131 (1987). Nor may counsel make an ambiguous exception and then on appeal try to explain what he meant. *Bevins* v. *Brewer,* 146 Conn. 10, 12–13, 147 A.2d 189 (1958).

Where, as here, a defendant came over the crest of a hill in a blinding snowstorm and collided with a vehicle that was sideways across the road, the trial court is entitled to more than such a vague and nonspecific reason why it erred in charging on the law applicable to an operator who is confronted with an emergency situation. We decline to review this claim of error.

## III

The plaintiff's final claim of error relates to the trial court's sua sponte bifurcation of the liability and damages aspects of the trial. The plaintiff argues that the trial court habitually bifurcated all negligence trials as a matter of course. We will not indulge in this assumption which is totally unsupported by the record. We have absolutely no idea of what the trial court does in other cases and thus decline to entertain the innuendo that it engages in an unlawful pattern of conduct.

Bifurcation of trial proceedings lies solely within the discretion of the trial court; *Day* v. *General Electric Credit Corporation,* 15 Conn. App. 677, 689, 546 A.2d 315 (1988); *In re Jose C.,* 11 Conn. App. 507, 508, 527 A.2d 1239 (1987); and appellate review is limited to a determination of whether this discretion has been abused.

The record discloses that liability was based on hotly disputed facts and that there were complex damages issues including, inter alia, whether certain injuries were caused by the accident or were the natural result of degeneration, all of which would have required a tremendous amount of the trial court's time and expense. We conclude that the trial court did not abuse its discretion in bifurcating the liability and damages aspects of the trial.

There is no error.

In this opinion the other judges concurred.