[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The plaintiffs, Milward Corporation and High Noon, Inc., have brought this action to contest the award of a public works contract by the defendant, City of Hartford, to co-defendant, Anulli Sons, alleging that the award contravenes the City's women and minority business enterprise utilization commitments The defendants have filed this motion to dismiss, which is premised on the ground that the plaintiffs lack standing to sue.
In December, 1990, the defendant City of Hartford ("the City"), solicited bids on a construction project that involved additions and renovations to the Eleanor B. Kennelly School. The City requires that its bidders expend at least 15% of the total contract amount in subcontracts with city-certified women or minority business enterprises (hereinafter "W/MBE" or "MBE"). The City accepted the bid of co-defendant Orlando Anulli Sons, Inc. ("Anulli"), as the lowest responsible bid. The second lowest bid was that of Newfield Construction, Inc. ("Newfield"). The contract was awarded to Anulli on February 22, 1991. The plaintiffs initiated this action and caused the show cause order to be served some five months later, on July 25, 1991, at which time the work was well underway.
The plaintiff, Milward Corp. ("Milward"), is a city-certified MBE electrical subcontractor whose sub-bid was listed by Newfield when Newfield submitted its bid on the general contract. When Anulli's bid was accepted by the City, Milward, joined by co-plaintiff High Noon, an association of various citizens' advocacy groups, brought this action complaining that it has been injured by the City's failure to meet its W/MBE commitment.
The complaint alleges that the City's award of the contract to Anulli would defeat the object and integrity of the competitive public bidding process, irreparably damage Milward and certain members of High Noon, harm the public at large insofar as the contract was not awarded to the lowest qualified and responsible bidder, and that the City has violated its own bidding ordinances, rules and regulations. The plaintiffs have requested a judgment declaring that the City's award of the contract to Anulli is null and void, a temporary and permanent injunction preventing further execution and performance of the contract, a permanent injunction ordering the city to award the including lost profits and bid preparation costs of plaintiff Milward.
The defendants have filed a motion to dismiss, which is CT Page 10113 premised on the ground that the plaintiffs lack standing to bring this action. Both defendants have filed supporting memoranda, and the plaintiffs have filed a memorandum in opposition to the motion. The motion was heard at short calendar on October 4, 1991.
The defendants contend that the plaintiffs lack standing because: 1) a disappointed bidder, absent allegations of fraud or irregularity, may not challenge the award of a contract; 2) even if fraud or irregularity can be shown a subcontractor may not challenge the award of a general contract to one other than its own prime contractor, and 3) the plaintiffs lack taxpayer standing. The plaintiffs have responded to these issues in their memorandum.
A motion to dismiss may be used to challenge standing Reitger v. Board of Trustees of State Colleges, 2 Conn. App. 196,201, 477 A.2d 129 (1989). "When standing is put in issue, the question is whether the person whose standing is challenged is a proper party to request an adjudication of the issue . . or whether, on the merits, the plaintiff has a legally protected interest that the defendant's action has invaded." Conn. 554, 558, 499 A.2d 797 (1985). In order to withstand this motion to dismiss, the plaintiffs must allege facts that the City has invaded their legally protected interest.
A. Bidder Standing
Generally, absent an allegation of fraud, favoritism, or other irregularity, an unsuccessful bidder has no standing to challenge the award of a public contract John J. Brennan Construction Corp. v. Shelton, 187 Conn. 695 702, 448 A.2d 180
(1982). "A bid, even the lowest responsible one, submitted in response to an invitation for bids is only an offer which, until accepted by the municipality, does not give rise to a contract between the parties." Id., 702 (citations omitted). Not unlike any other person whose offer has been rejected an unsuccessful bidder suffers no invasion of a legally protected interest when his or her bid is not accepted. Ardmare Construction Co. v. Freeman, 191 Conn. 497, 502, 467 A.2d 674 (1983).
An exception to the rule against bidder standing exists where the plaintiff alleges "fraud, corruption, or favoritism" and compromise of the "very object and integrity of the bidding process." Spinello Construction Co. v. Manchester, 189 Conn. 539,544, 456 A.2d 1199 (1983). The essence of this exception is that, while a bidder does not have a legally protected right to have his or her bid accepted even if it is the lowest responsible one, a bidder does have a legally protected interest in the integrity of the public bidding process. The plaintiffs CT Page 10114 claim standing under this exception.
Municipal bidding laws are enacted "for the benefit of the taxpayers, not the bidders, they should be construed to accomplish these purposes fairly and reasonably with sole reference to the public interest." John J. Brennan Constr., supra, 702, Spinello, supra, 544. In carving the exception to the bidder standing rule, the supreme court has attempted to "strike the proper balance between fulfilling the purposes of the competitive bidding statutes and preventing frequent litigation that might result in extensive delay in the commencement and completion of government projects to the detriment of the public." Ardmare, supra, 505. At issue is whether this balance favors extending this exception to a subcontractor whose general contractor has not been awarded a contract to perform a public works contract, where the subcontractor alleges fraud, corruption, favoritism, or compromise of the bidding process.
A subcontractor may not challenge the award of a public works contract to one other than the subcontractor's own prime contractor, especially where the prime contractor does not itself seek to challenge the award. Under Connecticut law, a subcontractor, like a general contractor, has no legally protected interest in having his or her bids accepted, even if the bid is the lowest responsible one. In Bauman Gerrity of Lakeville v. George F. Emerson, Inc. 14 Conn. App. 261, 165
n. 3 A.2d (1988), the court upheld the propriety of an instruction charging the jury that "the submission of a bid by a subcontractor gives rise to no right on his [his contractor's] part, unless and until the bid is accepted by the general contractor." Id. Since a subcontractor does not have a legally protected interest in having its bid accepted by its general contractor, it follows that a subcontractor can have no legally protected interest in having its prime contractor's bid accepted by a public entity. Thus, while the courts have begun to broaden certain aspects of bidder standing, a subcontractor, not being a party to the bidding and award process for the general contract, has an interest too attenuated to permit standing. The inclusion of subcontractors in the litigation process would destroy the balance between fairness in the bidding process and the public's interest in the swift and efficient completion of its public works projects that the earlier cases have attempted to strike. The Oregon case, Pen-Nor v. Oregon Department of Higher Education, 87 Or. App. 305,742 P.2d 643 (1987) cited by plaintiffs was decided with reference to the Oregon Administrative Procedures Act and, thus, does not support plaintiffs' position here. For these reasons, the plaintiffs have not met their burden of proving that they have standing to sue in the capacity of an unsuccessful bidder CT Page 10115
B. Taxpayer Standing.
The plaintiffs have claimed that they have standing to bring the action as taxpayers of the City of Hartford. A taxpayer may challenge municipal action provided that (1) the plaintiff is a taxpayer of the defendant municipal entity, and (2) the plaintiff alleges and demonstrates that the allegedly improper municipal conduct has caused "some pecuniary or other great injury" in his or her status as a taxpayer. Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541,548, 427 A.2d 822 (1980). "This standard requires that the plaintiffs plead and prove that the challenged activity or transaction will `probably result, directly or indirectly, in an increase in his taxes or would, in some other fashion cause him irreparable injury' or `great injury'". Nania v. Borges,41 Conn. Sup. 90, 94 A.2d (1988).
Although the plaintiffs need not plead jurisdictional facts the burden is on the plaintiffs to demonstrate facts upon which jurisdiction is predicated. Standard Tallow Corp. v. Jowdy, 190 Conn. 48, 54, 459 A.2d 503 (1983). When a motion to dismiss does not seek to introduce facts outside the record, it admits all well-pleaded facts, Duguay v. Hopkins 191 Conn. 222,464 A.2d 45 (1983). Here the plaintiffs' complaint "contains nothing more than a conclusory allegation of `irreparable harm'" Nania v. Borges, supra, 94 and is devoid of any allegations as to an increase in their taxes or to any other type of injury. Because a plaintiff is required to demonstrate at least some facts upon which his or her standing to sue is predicated, and because the plaintiff has not done so, the plaintiffs have not met their burden of demonstrating taxpayer standing.
In order to challenge municipal action, a plaintiff must show either the existence of a legally cognizable relationship with the municipality or taxpayer standing. Alarm Applications, supra 548, n. 3. A subcontractor who submits a bid to a general contractor does not have a legally cognizable relationship to a municipality which solicits and then rejects a bid from the general contractor. The plaintiffs here failed to demonstrate facts which would support taxpayer standing.
For the foregoing reasons, the plaintiffs lack standing to sue. Accordingly, the motion to dismiss is granted.
SCHALLER, J.