[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO SEVER AND BIFURCATE
In October 1991, the above entitled actions were consolidated by Langenbach, J. for purposes of judicial economy and party convenience. Thereafter numerous motions have been made and decided and discovery has been completed. In October CT Page 12863 of 1994 defendants moved to bifurcate issues of liability from damages and in November, 1994, defendants moved to sever actions originally consolidated.
The cases were assigned (Pellegrino, J.) for jury selection no later than November 4, 1995 whereupon defendants requested a hearing on the motions to bifurcate and to sever.
There is no question that the court has authority to bifurcate trial of issues pursuant to Connecticut Practice Book § 283 and Conn. Gen. Stat. § 52-205. It lies within the sound discretion of the trial court to determine whether a trial should be bifurcated. Swenson v. Saworska, 18 Conn. App. 597,601 (1989). Arguments presented by counsel, i.e. that sympathy might play a part in the jury's consideration and that prejudice would result and that bifurcation is normally allowed in consolidated actions are not persuasive. Bifurcation appears to be more the exception than the rule in Connecticut courts.
In addition, while the court also has inherent discretion to consolidate different cases, its decision to consolidate will not be altered without a showing of abuse of discretion. Rodev. Adley Express Co., Inc., 130 Conn. 274 (1943). Determinative factors are whether the actions arose out of the same transaction or involved identical parties. Clarke v. Ochert,
8 Conn. L. Rptr. No. 20, 609 (May 17, 1993).
This court finds no reason to reverse Judge Langenbach's consolidation of these cases and sever same for trial.
Therefore, the motions to bifurcate and to sever are denied.
KULAWIZ, J.