[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 3055
The plaintiff, Ronald Wellspeak, appeals the decision of the defendant, Commissioner, State of Connecticut, Department of Motor Vehicles ("Commissioner"), suspending the plaintiff's motor vehicle operator's license for a period of six months. The Commissioner acted pursuant to General Statutes § 14-227b on the basis that the plaintiff had refused a chemical test of the alcohol content of his blood after having been arrested on a charge of operating a motor vehicle while under the influence of alcohol. The plaintiff appeals pursuant to General Statutes §4-183. The Court finds the issues in favor of the defendant.
The record indicates that on August 20, 1998, at 9:08 p. m., Officer Eric Rocheleau of the Suffield, Connecticut Police Department, was traveling behind a red Dodge truck on Babbs Road in West Suffield, Connecticut. Because the vehicle appeared to be speeding, Officer Rocheleau followed and kept pace with the truck for about one quarter mile and paced the speed at 60+ miles per hour in a posted 45 mile per hour zone., No.
The red truck was weaving badly and swayed from the double yellow center lines over to the white shoulder line. At that point, Officer Rocheleau attempted to stop the vehicle. Although the officer activated his emergency overhead lights, the red truck failed to slow down or pullover. The officer then turned his vehicle's spot light on the rear window of the truck and activated his siren. The operator of the red truck continued driving, but slowed as he approached the Southwick, Massachusetts, state line. After advancing approximately twenty feet into Southwick, Massachusetts, the vehicle stopped.
Officer Rocheleau approached the operator of the truck who was the plaintiff, Ronald Wellspeak. The officer noticed that Wellspeak's eyes were very red and bloodshot, and the officer could smell the odor of alcohol emanating from the vehicle. When the officer asked for Wellspeak's license and other paperwork, Wellspeak moved very slowly. Wellspeak was very polite and friendly, but appeared confused. After Wellspeak showed the officer his insurance card, the officer had to remind Wellspeak to give the officer the automobile registration. Again, Wellspeak moved very slowly before finally giving it to the officer. Officer Rocheleau requested assistance from the Southwick Police Department at approximately 9:10 p. m. CT Page 3056
Wellspeak admitted to drinking five beers at his uncle's in Southwick. When the officer observed a brown paper; bag inside the vehicle, the-officer inquired as to whether there was beer inside. Wellspeak stated that there was beer inside and picked up the bag. It was empty. Wellspeak appeared surprised. Officer Rocheleau administered the Horizontal Gaze Nystagmus ("HGN") to Wellspeak and observed a very pronounced bouncing of the eyes at maximum deviation and a lack of smooth pursuit, indicating poor I performance on the test. After the arrival of the Southwick, Massachusetts, police officers, additional field sobriety tests were administered to Wellspeak, including the one leg stand, walk and turn, and the HGN again, all of which Wellspeak failed. Each test had been fully explained and partially demonstrated to Wellspeak. Thereafter, Wellspeak was arrested and taken into custody by the Southwick police for driving while intoxicated.
Wellspeak was processed by and at the Southwick, Massachusetts, police department. He was fully advised of his Miranda rights, and, subsequently, was offered a chemical test to determine his blood alcohol concentration. Wellspeak refused the chemical test and signed a Statutory Rights and Consent Form, indicating his refusal to submit to a chemical test. That form advised Wellspeak of the possible administrative suspension of his driver's license pursuant to the laws of the Commonwealth of Massachusetts. Thereafter, Officer Rocheleau of the Suffield, Connecticut, Police Department, issued Wellspeak a summons for speeding and operating under the influence of alcohol in Connecticut.
Based on the foregoing facts, the defendant Commissioner, State of Connecticut Department of Motor Vehicles, brought an administrative suspension action against the plaintiff. The plaintiff requested and received an administrative hearing on September 11, 1998, before DMV hearing officer Peter Mlynarczyk, Esq:, at which the plaintiff appeared with counsel, and testified that he had refused the chemical test. The hearing officer ordered the plaintiff's Connecticut Operator's License suspended for a period of six months. The plaintiff timely filed this administrative appeal from that decision.
Here, the plaintiff seeks reversal of the Commissioner's suspension decision on three grounds. First, the plaintiff contends that the suspension of his license violated his due process rights under the fifth and fourteenth amendments to the United States constitution. Basically, the plaintiff argues that CT Page 3057 he was given no reasonable notice of the Connecticut consequences of his potential refusal of the chemical analysis of his blood by the Massachusetts authorities. The plaintiff contends that due process requires that "one subject to significant deprivation of liberty or property must be accorded adequate notice and a meaningful opportunity to be heard. . . ." Angelsea Productions,Inc. v. Commission on Human Rights Opportunities,236 Conn. 681, 698 (1996).
However, under General Statutes § 14-227b(j), the hearing conducted before the hearing officer was limited to a determination of the following four issues: (1) Did the police officer have probable cause to arrest the person for operating a motor vehicle while under the influence of intoxicating liquor or drug or both or while his ability to operate such motor vehicle was impaired by the consumption of intoxicating liquor; (2) was such person placed under arrest; (3) did such person refuse to submit to such test or analysis or did such person submit to such test or analysis, commenced within two hours of the time of operation, and the results of such tests or analysis indicated that the ratio of alcohol in the blood of such person as ten-hundredths of one percent or more of alcohol, by weight; and (4) was such person operating the motor vehicle. The Connecticut Appellate Court has held that the failure of the police to warn the driver of the consequences of refusing to take the breath test is not fatal to the administrative license suspension action, as the warning of the legal consequences is not one of the four issues of § 14-227b(j). Bialowas v. Commissioner ofMotor Vehicles, 44 Conn. App. 702, 709-10 (1997). As previously noted, the plaintiff was warned of the administrative consequences of a refusal to submit to the chemical analysis in Massachusetts. Since the failure of the police to warn the driver of the consequences of refusing to take the breath test is not fatal to the administrative license suspension action under Connecticut law, it would be anomalous to hold that a warning of the consequences of refusing to take the chemical test in Massachusetts is fatal to Connecticut's administrative license suspension action.
In addition, the hearing officer admitted a form A-45, temporary operator's license #151576, dated August 20, 1998, which was signed by the plaintiff, Ronald Wellspeak. The temporary operator's license indicates a twenty-four hour revocation period beginning August 20, 1998, at 21:08 hours (9:08 p. m.). On the back of the temporary operator's license is CT Page 3058 suspension information, including information concerning the consequences in Connecticut of a refusal to submit to the chemical analysis test. However, there is some question as to when Wellspeak signed the A-45 form. See O'Rourke v. Commissionerof Motor Vehicles, 33 Conn. App. 501, 508, cert. denied,229 Conn. 909 (1994).
Finally, "a validly enacted statute carries with it a strong presumption of constitutionality" and "those who challenge its constitutionality must sustain the heavy burden of proving its unconstitutionality beyond a reasonable doubt. . . ." (Citations omitted; internal quotation marks and citation omitted.)Morascini v. Commissioner of Public Safety, 236 Conn. 781, 789
(1996). Here, the plaintiff has not met that burden.
The plaintiff's second argument is that the suspension of the plaintiff's license in Connecticut coupled with the suspension of his operating privileges in Massachusetts, constitutes double jeopardy in violation of the fifth and fourteenth amendments to the United States constitution. The fifth amendment's double jeopardy clause proscribes a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. North Carolina v. Pearce, 395 U.S. 711, 717,89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). ln State v. Hickam, 235 Conn. 614
(1995), the Connecticut Supreme Court determined that the administrative suspension of a criminal defendant's operator's license did not constitute punishment which would constitute multiple punishments for the same offense, thereby presenting an impediment to a criminal prosecution for driving while intoxicated. Here, the plaintiff contends that the suspension of his right to operate in the Commonwealth of Massachusetts, under their administrative provisions, and the suspension of his driver's license by the Commissioner in Connecticut, constitute multiple punishments for the same triggering conduct.
Under the facts of the present case, however, the double jeopardy clause is not offended since Massachusetts is proceeding against Wellspeak for the twenty feet of driving accomplished in Massachusetts, whereas Connecticut is proceeding against Wellspeak for the driving which took place in Connecticut. Moreover, since Connecticut and Massachusetts are separate sovereigns, double jeopardy does not bar each sovereign from taking action under the dual sovereignty doctrine. Heath v.Alabama, 474 U.S. 82, 106 S.Ct. 433, 88 L.Ed.2d 387 (1985). CT Page 3059 Accordingly, the plaintiff's double jeopardy argument must fail.
The plaintiff's final argument is that the suspension of the plaintiff's license was not in accordance with the requirements contained in General Statutes § 14-227b, in that prior to his refusal to take the test, the plaintiff was not informed of the consequences of his refusal under Connecticut law, and there was no independent witness to the plaintiff's refusal.
At the administrative hearing, the hearing officer offered and admitted State's Exhibit A, which consisted of the DMV form A-44, a form approved by the Commissioner of Motor Vehicles, the Suffield Police Department's incident report, and the Southwick (Massachusetts) Police Department forms, including a Statutory Rights and Consent Form signed by the plaintiff, as well as the DMV form A-45 (Temporary Operator's License), also signed by the plaintiff Here, the plaintiff argues that under General Statutes § 14-227b(c), the A-44 form must be signed by a witness to the refusal in order for the form to be admissible at the administrative hearing. In this administrative appeal, the Commissioner concedes that the form A-44 should not have been admitted by the hearing officer. Volck v. Muzio, 204 Conn. 507,517-18 (1987). However, State's Exhibit A included a number of other documents which the Commissioner contends were properly admitted at the administrative hearing.
The Uniform Administrative Procedure Act, General Statutes § 4-166 et seq., provides for far more liberal admission of evidence in an administrative tribunal than in a trial before a court. General Statutes § 4-178 provides, in part, that in contested cases, "[a]ny oral or documentary evidence may be received, but the agency shall, as a matter of policy, provide for the exclusion of irrelevant, immaterial or unduly repetitious evidence. . . ." State's Exhibit A included a sworn incident report by Suffield Police Officer Rocheleau. Police reports reflecting the direct observations of a police officer are generally admissible pursuant to the business records statutory exception to the hearsay rule under General Statutes §52-180. Swenson v. Sawoska, 18 Conn. App. 597, 598-99 (1989), aff'd, 215 Conn. 148 (1990); In re Romance M., 30 Conn. App. 839,853 (1993), appeal dismissed, 229 Conn. 345 (1994). Officer Rocheleau's report reflects what he observed, including erratic driving, physical indicia of intoxication (odor of alcohol, very red, bloodshot eyes, and confusion), and poor performance on field sobriety tests, in addition to the facts of the plaintiff's CT Page 3060 arrest. Officer Mazza's report, Southwick Police Department, also contains direct observations including the offering of the chemical test and Wellspeak's refusal of the test. Other portions of the documents contain admissions by Wellspeak, including his signed refusal to submit to a chemical test and his signature on form A-45 temporary license. Hearsay within a police report which constitutes an admission is admissible in a DMV administrative proceeding. Paquette v. Hadley, 45 Conn. App. 577, 581 (1997). And, the Connecticut Appellate Court has held that police reports are admissible in DMV administrative proceedings. O'Sullivan v.DelPonte, 27 Conn. App. 377, 381-82 (1992).
By signing the Southwick Police Department refusal form, Wellspeak admitted that he had been offered the chemical test, knew that his driving privileges and/or license could be suspended, and, nonetheless refused the chemical test. The lack of a sworn statement of a witness to Wellspeak s refusal does not affect the legality of the administrative suspension hearing. Officer Mazza's report of Wellspeak's refusal, albeit not sworn, is signed. Wellspeak's refusal of the chemical test is corroborated by his written refusal and his testimony at the administrative hearing in Connecticut. Thus, there was substantial evidence of all of the issues to be determined under General Statutes § 14-227b(j) at the administrative hearing: (1) was there probable cause to arrest Wellspeak (both in Connecticut and Massachusetts); (2) that Wellspeak was arrested for DWI (and charged by both Connecticut and Massachusetts); (3) that Wellspeak was offered a chemical alcohol test and refused; and (4) that Wellspeak was the operator of the vehicle.
The plaintiff also argues, as part of this third argument, that he was not advised of I the legal consequences in Connecticut of his refusing the chemical test. However, the failure of the police to warn the operator of the consequences of refusing to take the chemical test is not fatal to the administrative license suspension hearing, as the warning of the legal consequences is not one of the four issues in §14-227b(j). Bialowas v. Commissioner of Motor Vehicles, supra,44 Conn. App. 709-10. Accordingly, the plaintiff's final argument also is unavailing.
Based on all of the foregoing, the Commissioner's suspension decision is affirmed and this administrative appeal is dismissed. Michael Hartmere, Judge CT Page 3061
HARTMERE, J.