[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (DOCKET ENTRY NO. 121)
This action arises out of a motor vehicle collision that occurred in New Haven, Connecticut. The revised complaint alleges the following facts. On or about April 9, 1998, the plaintiff, Ivan Butts, was operating a motor vehicle heading north in the right lane of York Street. At the same time, the defendant, Edward Leone, was operating a motor vehicle, owned by the defendant, F J Food Service, Inc., which was also heading in a northerly direction in the left lane of York Street. The defendant, Kenneth Lassen, was operating a motor vehicle in a westerly direction on Crown Street. As the vehicles approached the intersection of York and Crown Streets, the vehicle driven by Lassen collided with the vehicle driven by the plaintiff. The plaintiff's vehicle was then struck by Leone's vehicle.
On August 12, 1999, the plaintiff filed a two-count revised complaint alleging, inter alia, negligence against Lassen. On October 13, 1999, the plaintiff filed a motion for summary judgment on the ground that Lassen made an admission of liability. The plaintiff has submitted a memorandum in support of the motion and Lassen has submitted a memorandum in opposition thereto.
Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Although the CT Page 4666 party seeking summary judgment has the burden of showing the nonexistence of any material fact, a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court in support of a motion for summary judgment. Only evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment. Requiring the nonmovant to produce such evidence does not shift the burden of proof. Rather, it ensures that the nonmovant has not raised a specious issue for the sole purpose of forcing the case to trial. Great Country Bankv. Pastore, 241 Conn. 423, 435-36, 696 A.2d 1254 (1997).
In support of his motion, the plaintiff argues that summary judgment should be granted because Lassen's statement of liability is admissible as an admission. The plaintiff relies upon a police report, which he argues was made immediately following the accident, in which Lassen stated that he went through the red light and caused the accident. The plaintiff contends that Lassen's statements, as incorporated in the police report, establishes a violation of General Statutes § 14-299. In addition, the plaintiff contends that the police report indicates that he was without fault because he was traveling through a green light when his vehicle was struck. Relying upon Lassen's alleged statements, the plaintiff argues that there are no genuine issues of fact as to how the accident occurred and therefore his motion for summary judgment should be granted.
Lassen argues, in response, that summary judgment procedures "are ill adapted to negligence actions and that issues of negligence should be adjudicated and resolved at trial. Lassen further argues that a statement by a party, which is not made under oath, does not constitute a judicial admission and is not conclusive on the issue of negligence. Specifically, he argues that his purported admission is not conclusive on the issues of negligence and apportionment. Lassen also argues that evidence related to liability must be heard by the trier of fact, pursuant to General Statutes § 52-572h, in order to determine the relative negligence of each party and apportion recoverable damages. Therefore, Lassen argues that the motion should be denied because of the unresolved factual issues. CT Page 4667
It is an elementary premise of evidentiary law that a statement made out-of-court that is offered to establish the truth of the facts contained in the statement is hearsay. Annecharico v.Patterson, 44 Conn. App. 271, 275, 688 A.2d 1341 (1997). To be admissible under the business record exception to the hearsay rule, a trial court judge must find that the record satisfies each of the three conditions set forth in General Statutes52-180.[1] The court must determine, before concluding that it is admissible, that the record was made in the regular course of business, that it was the regular course of such business to make such a record, and that it was made at the time of the act described in the report, or within a reasonable time thereafter. In applying the business records exception, § 52-180 should be liberally interpreted. Bell Food Services, Inc. v. Sherbacow,217 Conn. 476, 485, 586 A.2d 1157 (1991); see also Code of Evidence § 8-3 (7).[2]
As a general rule, a police accident report is admissible as a business record under General Statutes § 52-180. This rule, however, does not automatically allow everything in a police report into evidence. Swenson v. Sawoska, 18 Conn. App. 597,598-99, 559 A.2d 1153, cert. granted, 212 Conn. 810, 564 A.2d 1073
(1989), aff'd, 215 Conn. 148, 575 A.2d 206 (1990). A police report may be admitted as a business entry once the court finds that the requirements of General Statutes § 52-180 have been satisfied. For an item contained in a report to be admissible, it must be based on the entrant's own observation or on information of others whose business duty it was to transmit it to the entrant. Annecharico v. Patterson, supra, 44 Conn. App. 277. The admission of the defendant made to the entrant is also within the provisions of § 52-180. Since the defendant's statement was in the nature of an admission and came within the exception to the hearsay rule, the entrant's report concerning the admission would be admissible to prove the truth of the statement despite the fact that the defendant had no business duty to make the statement. State v. Palozie, 165 Conn. 288, 295, 334 A.2d 468
(1973)
In the present case, the requirements for the admissibility of the police accident report, pursuant to General Statutes §52-180, have not been satisfied. See Annecharico v. Patterson, supra, 44 Conn. App. 277; Code of Evidence § 8-3 (7). Specifically, the court has not found that the record was made in the regular course of business, that it was the regular course of business for the police to make such a record, and that the police officer made it at the time of the act described in the CT Page 4668 report or within a reasonable time thereafter. See Bell FoodServices, Inc. v. Sherbacow, supra, 217 Conn. 485. If the police report is neither sworn to, certified or in any fashion authenticated by an individual with personal knowledge, it should not be considered by the ruling on the motion for summary judgment. Perrotti v. Magliola, Superior Court, judicial district of New Haven at New Haven, Docket No. 379838 (November 10, 1997, Zoarski, J.T.R.). Moreover, issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner. Fogarty v. Rasha, supra,193 Conn. 446.
Here, Lassen's statements to the investigating officer are inadmissible at this time because the requirements for the admissibility of the police report as a business record, pursuant to General Statutes § 52-180, have not been satisfied. Moreover, the police report is neither sworn to, certified, nor authenticated by an individual with personal knowledge of the facts contained therein. Perrotti v. Magliola, supra, Superior Court, Docket No. 379838. Because the report containing Lassen's admission of liability is inadmissible at this time due to the lack of an appropriate foundation, the plaintiff has thus failed to support his motion with evidence that would be admissible at trial. Accordingly, plaintiff's motion for summary judgment isDENIED.
MELVILLE, J.