[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO BIFURCATE
The defendants, Andre Lerer, M.D. and Neurologic Associates, P.C., have moved to bifurcate the issues of liability and damages in the trial of this case. This is a medical malpractice action brought by the Wozniak family, who were not patients of the defendants, for injuries they sustained when one of the defendants' patients, Joseph Claffey, intentionally drove his vehicle into them, seriously injuring Adam Wozniak, who was an infant at the time. Claffey received treatment during a hospitalization from June 30, 1993 to July 9, 1993 at the New Britain General Hospital for alleged seizure symptoms. Approximately two months CT Page 1447 later on September 25, 1993, Claffey intentionally drove his vehicle into the Wozniak family.
Under Connecticut law, the bifurcation of trial proceedings lies solely within the discretion of the trial court. Reichhold Chemicals, Inc. v.Hartford Accident Indemnity Co., 243 Conn. 402, 423 A.2d ___ (1997). InSwenson v. Sawoska, 18 Conn. App. 597, 559 A.2d 1153 (1989), the Appellate Court affirmed the trial court's sua sponte bifurcation of the liability and damages aspects of the trial. That case involved personal injuries resulting from a motor vehicle accident in which the plaintiff was driving her vehicle in a snow storm when the vehicle slid on ice and came to rest in the middle of the roadway near the crest of a hill. The defendant claimed that he was unable to stop his vehicle in time to avoid hitting the plaintiff.
In O'Shea v. Mignone, 50 Conn. App. 577, 719 A.2d 1176 (1998), the plaintiff requested that the trial be bifurcated as to liability and damages in an effort to avoid unnecessary costs associated with the plaintiff's treating physician and expert witness. The plaintiff argued that because liability was a "hotly" contested issue and the expense of the key witness related to damages was great, it would be in the plaintiff's economic interest for the case to be bifurcated as to liability and damages. The trial court granted the motion to bifurcate and the jury ultimately found in favor of the plaintiff and awarded him a substantial amount of damages. In affirming the trial court's decision to bifurcate the issues of liability and damages the Court stated:
 "The interests served by bifurcated trials are convenience, negation of prejudice and judicial efficiency. Vichare v. Ambac, Inc., 106 F.3d 457, 466
(2d Cir. 1996). Bifurcation may be appropriate in cases in which litigation of one issue may obviate the need to litigate another issue. See Morse/Diesel, Inc. v. Fidelity Deposit Co. of Maryland, 763 F. Sup. 28, 35 (S.D.N.Y.), modified in part on other grounds, 768 F. Sup. 115 (S.D.N.Y. 1991)." Reichhold Chemicals, Inc. v. Hartford Accident Indemnity Co., 243 Conn. 401, 423-24, 703 A.2d 1132
(1997).
50 Conn. App. at 582-583.
In this case in order to reach the issue of damages, the plaintiffs will first have to establish that the defendants violated a duty which has never been recognized by any Connecticut Appellate Court. In Fraserv. United States, 236 Conn. 625, 674 A.2d 811 (1996) the Court considered CT Page 1448 whether psychotherapists were liable for the death of the plaintiff's decedent after their patient fatally stabbed the decedent. The Court held that the defendants owed no duty to the decedent, the patient's friend and former employer, because the decedent was not an identifiable victim, a member of a class of identifiable victims or within the zone of risk to an identifiable victim.
The defendants have argued that the Wozniak family, people who did not know Claffey, were not identifiable victims under Fraser. According to the defendants the Wozniaks were within the class of all pedestrians in New Britain, a class so large that it could not conceivably be deemed "identifiable."
Based on the foregoing, this is clearly a case in which the jury's decision on the issue of liability may obviate the need to proceed with the trial on the issue of damages. See Reichhold Chemicals, Inc, supra. The evidence concerning damages suffered by Adam Wozniak is likely to be substantial. Adam, who is now six years old, has not advanced from the three-month-old abilities he had at the time of the accident. According to his mother, he cannot swallow, eat, toilet, or walk independently. He cannot sit, stand, or speak at all. He sleeps in the same bed as his parents because he needs to be turned frequently. His vision is severely impaired and his prognosis is poor.
The plaintiffs have identified only three expert witnesses who will testify on the issue of liability. They have identified twelve other expert witnesses on the issue of damages. The evidence relevant to the issues of liability and damages in this case is wholly unrelated. Therefore, the plaintiffs will not be prejudiced by the bifurcation. However, there is certainly a danger that in the absence of bifurcation the severity of Adam Wozniak's injuries could have a prejudicial impact upon the jury's liability determination.
Bifurcation of the issues of liability and damages in this case will conserve judicial time and resources and the time and resources of the parties. Moreover, in the absence of bifurcation the defendants could suffer substantial prejudice, while bifurcation will cause little prejudice to the plaintiffs. For the foregoing reasons the Motion to Bifurcate is granted.
By the court
Aurigemma, J.