JAMES J. CASHMAN, JR. *v.* TERMINAL TAXI COMPANY ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued February 8—decided May 5, 1944.

*Bernard P. Kopkind* and *Clarence A. Hadden,* with whom, on the brief, were *William L. Hadden* and *Daniel Pouzzner,* for the appellant (plaintiff).

*Francis J. Moran,* with whom was *John E. Mc-Nerney,* for the appellees (defendants).

ELLS, J. This is an action by a pedestrian to recover damages for injuries sustained when he was struck by a taxicab owned by one defendant and operated by McVeigh, the other defendant. The jury returned a verdict for the defendants and the plaintiff appealed, claiming error in two rulings on evidence and in the charge.

The plaintiff was struck while walking in a northerly direction across Elm Street in New Haven at or near its intersection with York Street at about 1 o'clock in the morning. The plaintiff offered evidence that the taxicab proceeded northerly on College Street, stopped at the intersection of Elm Street and, when the traffic light there changed to green, turned left and proceeded westerly on Elm Street; that when the cab turned into Elm Street the traffic light at Elm and York Streets, about twelve hundred feet westerly, was green; that McVeigh drove at a high rate of speed to reach York Street before the light turned red; and that excessive speed at that intersection was a principal cause of the accident.

The plaintiff produced as a witness in chief a police

officer who testified that shortly after the accident McVeigh told him how it happened: that he stopped the cab at the corner of College and Elm Streets, that when the traffic light there changed from red to green he turned into Elm Street, maintained a speed of twenty-five miles an hour, and passed through the intersection of Elm and York Streets while the traffic light was green. The witness asked McVeigh to show him how he had driven the cab, and McVeigh did so. The defendants objected to testimony as to what McVeigh did during this demonstration, on the ground that it was an experiment. The plaintiff claimed it as an admission. The court excluded the testimony.

There is no logical reason for regarding a demonstration by a party of what he did as an "experiment," as that word is used in *Wray* v. *Fairfield Amusement Co.*, 126 Conn. 221, 10 Atl. (2d) 600, and *McPheters* v. *Loomis*, 125 Conn. 526, 7 Atl. (2d) 437, requiring extraneous proof of similarity of conditions. Where a party does that, there is an admission by conduct. McVeigh was making a statement by words and by action, in respect to a matter in dispute, and regardless of any dissimilarity of conditions, such statement was admissible. An admission may be made by conduct as well as orally or in writing. " '. . . conduct of a party to the proceedings, in respect to the matter in dispute, whether by acts, speech, or writing, which is clearly inconsistent with the truth of his contention, is a fact relevant to the issue.' " *Perrelli* v. *Savas*, 115 Conn. 42, 43, 160 Atl. 311; *Reetz* v. *Mansfield*, 119 Conn. 563, 568, 178 Atl. 53. It was obviously the purpose of the plaintiff to show that the conduct of McVeigh in the presence of the police officer was inconsistent with his statement as to his conduct prior to and at the time of the accident. There was error in the exclusion of the evidence.

The second ruling requires but brief mention. The defendant McVeigh was a witness. He testified that he did not remember whether, while he was with the officer, he stopped at College and Elm Streets, or the speed at which he drove or was asked to drive, or whether he had been able to reach Elm and York Streets while the light there was green. The plaintiff thereafter produced the officer, in so far as appears, in rebuttal of this testimony, and sought to elicit from him all that happened during the demonstration. The court sustained the defendants' objection, remarking that the evidence offered did not appear to rebut what McVeigh had testified to. Upon the generally confused state of the record we cannot say that the court abused its discretion.

A new trial being required because of the error in the first ruling on evidence, we do not discuss the claims of error as to the charge.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.