## In re Jose C.*
### (5586)

Dupont, C. J., Hull and Spallone, Js.

Argued June 2—decision released July 14, 1987

*Robert B. Katz,* for the appellant (respondent mother).

*Heather Wilson,* assistant attorney general, with whom were *Jane S. Scholl,* assistant attorney general, and, on the brief, *Joseph I. Lieberman,* attorney general, and *Robert W. Garvey,* assistant attorney general, for the appellee (petitioner).

*James F. Kane,* for the minor child.

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 2026, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

DUPONT, C. J. The underlying action of this appeal is a petition by the commissioner of children and youth services for the termination of the parental rights of the respondent parents, alleging that their child was uncared for and neglected. General Statutes §§ 17-43a; 46b-120. After a hearing on the petition, pursuant to General Statutes § 45-61f, the trial court granted the petition. At that hearing, the trial court also heard evidence relevant to the posttermination disposition of the child. The respondent mother claims that the trial court erred in allowing evidence relevant to both the termination of parental rights and to the posttermination disposition of the child in one hearing.

The respondent asserts that she made a motion to bifurcate the proceeding which should have been granted, in order that the adjudication of whether to terminate the parental rights upon proof of "clear and convincing evidence" would not be contaminated by consideration of the dispositional standard of "the best interests of the child." The respondent claims specifically that the testimony of the child's foster mother about her desire to adopt the child "tainted the perceptions of the court." She has conceded, however, that the bifurcation of the proceedings lies solely within the discretion of the court. See *In re Migdalia M.,* 6 Conn. App. 194, 198–99 n.6, 504 A.2d 532, cert. denied, 199 Conn. 809, 508 A.2d 770 (1986).

The claim that the court should have bifurcated this proceeding is thus necessarily that the court abused its discretion in not so doing. "In reviewing claims that the trial court abused its discretion 'the unquestioned rule is that great weight is due to the action of the trial court and every reasonable presumption should be given in favor of its correctness; the ultimate issue is whether the court could reasonably conclude as it did . . . .' *Jacobsen* v. *Jacobsen,* 177 Conn. 259, 263, 413 A.2d 854 (1979); see Maltbie, [Conn. App. Proc.] § 59."

*Rokus* v. *Bridgeport,* 191 Conn. 62, 72, 463 A.2d 252 (1983). The trial court in this case concluded, on the respondent's motion for bifurcation made at the hearing, that it could properly distinguish the evidence presented on the distinct issues, and make its determination of whether to grant the petition in accord with the statutory standard of proof.

The respondent has not challenged the sufficiency of the evidence which supports the trial court's granting of the petition to terminate her parental rights, nor has she claimed that the findings made would have differed if the motion had been granted. Our review of the trial court's memorandum of decision reveals a thoroughly considered determination in accordance with the statutory mandates. There is no evidence in the record of any abuse of discretion in denying the motion for bifurcation of the proceedings.

There is no error.

In this opinion the other judges concurred.