MARION SWENSON *v.* THOMAS SAWOSKA
(13787)

PETERS, C. J., SHEA, CALLAHAN, GLASS and COVELLO, Js.

Argued February 28—decision released May 22, 1990

*Zbigniew S. Rozbicki,* for the appellant (plaintiff).

*Thomas J. Sansone,* with whom, on the brief, was *Trudie Ross Hamilton,* for the appellee (defendant).

CALLAHAN, J. This appeal concerns the appropriate standard of harmless error to be applied in a civil case. The plaintiff, Marion Swenson, brought this negligence action against the defendant, Thomas Sawoska, to recover for personal injuries sustained in a two car collision. After a trial, the jury returned a verdict in favor of the defendant and judgment was rendered thereon. The plaintiff appealed to the Appellate Court. In *Swenson* v. *Sawoska,* 18 Conn. App. 597, 559 A.2d 1153 (1989), the Appellate Court affirmed the trial court's judgment. We granted the plaintiff's petition for certification to appeal from the Appellate Court; *Swenson* v. *Sawoska,* 212 Conn. 810, 564 A.2d 1073 (1989); limited to the following three issues: "(1) Did the Appellate Court err in concluding that the admission of the

officer's narrative of how the accident occurred contained in the police report was harmless error? (2) Was the standard of harmless error used by the Appellate Court, 'sufficient other evidence to support the verdict,' erroneous? (3) Does the other evidence properly admitted, including the diagram, render harmless any error in the admission of the officer's narrative?" We conclude that the standard of harmless error used by the Appellate Court was erroneous. We find, nevertheless, that the admission of the officer's narrative contained in the police report was harmless error.

In reaching its verdict, the jury could reasonably have found the following facts. At approximately 11 p.m. on December 10, 1982, the plaintiff was attempting to travel northbound up a steep incline on Kinsey Road in New Hartford. Snow had accumulated on the road, making it slippery and creating hazardous driving conditions. As she attempted to ascend the hill, the plaintiff's car skidded and she backed down the hill to try once again to make the ascent. On her second attempt, her car skidded sideways and she was stranded in the road crosswise, with part of her vehicle in the lane of oncoming traffic.[1] At that point, the defendant drove his Chevrolet Blazer over the hill southbound and struck the plaintiff's vehicle on the driver's side. The two cars came to rest more than fifty feet from the bottom of the hill.[2]

[1] The plaintiff disputed where her car was located when the accident occurred. She contends that her car was motionless, at the bottom of the hill, when it was struck by the defendant's vehicle.

[2] Although the record is not clear as to the precise location of the vehicles in relation to the bottom of the hill, there was ample evidence that, after the accident, the vehicles were at least fifty feet from the bottom. The police officer, who investigated the accident, testified that after he had driven his police cruiser partially up the incline, he decided to park and to walk the remaining fifty feet up the steeper portion of the hill to the disabled vehicles. He testified that it was three-tenths of a mile from the "general area of the accident . . . down to the mouth of [Route] 202."

   The plaintiff's claim on appeal relates to an evidentiary ruling made by the trial court. At trial, the court admitted into evidence a police report that included both a diagram of the accident and a narrative description.[3] The plaintiff argues that the narrative portion of the police report was inadmissible hearsay because the officer could not identify which party had made certain statements in the report.[4] If the plaintiff had made the statements to the police officer, they would qualify as admissions and would be admissible. *O'Brien* v. *John Hancock Mutual Life Ins. Co.*, 143 Conn. 25, 30, 119 A.2d 329 (1955); *Cashman* v. *Terminal Taxi Co.*, 131 Conn. 31, 33, 37 A.2d 613 (1944). If the defendant had made the statements, however, they would be inadmissible hearsay because they would constitute self-serving

---

He also estimated that the vehicles were located fifty to sixty yards from the crest of the hill. The plaintiff testified that "the bottom of the hill is near [Route] 202."

   [3] At trial, the plaintiff withdrew her objection as to the diagram contained in the police report. She then proceeded to introduce the *entire* police report into evidence as an exhibit. Thus, the plaintiff's own exhibit contained both the diagram portion and the narrative portion about which the plaintiff is now complaining. Exhibits are admissible in their entirety unless the offeror excises the irrelevant or prejudicial portions. See *Mucci* v. *LeMonte,* 157 Conn. 566, 570–71, 254 A.2d 879 (1969); C. Tait & J. LaPlante, Connecticut Evidence (2d Ed.) § 3.5.5. If a party objects to the admission of a document into evidence and then later seeks to introduce that same exhibit as her own, she runs the risk of waiving her objection. See C. McCormick, Evidence (3d Ed.) c.6, §§ 55, 57. Although a party "may not secure a reversal on the basis of an error which he induced"; *Thompson* v. *Thompson,* 183 Conn. 96, 99, 438 A.2d 839 (1981); we need not address this issue on appeal since it is beyond the scope of the questions certified.

   [4] The narrative portion of the police report stated: "Vehicle #1 attempted to go uphill a second time because the snowy, icy road conditions had caused loss of traction on the initial attempt. Her second attempt caused the vehicle to slide crossways in the road and stop, when vehicle #2 suddenly came over the hill crest. Vehicle #2, unable to stop sliding downhill or control the truck's direction because of the extremely hazardous road conditions, hit vehicle #1 in the left side causing both vehicles to slide further downhill coming to rest in the middle of the road. The actual point of impact could not be established due to debris being scattered and tracks partially obliterated."

declarations from a person without a business duty to report the information to the police. *State* v. *Milner,* 206 Conn. 512, 521, 539 A.2d 80 (1988); *Hutchinson* v. *Plante,* 175 Conn. 1, 5, 392 A.2d 488 (1978).

At trial the police officer testified that he had to have obtained the information pertaining to the plaintiff's initial unsuccessful attempt to ascend the hill from the plaintiff. That statement therefore constituted an admission by the plaintiff and was admissible as an exception to the hearsay rule. *O'Brien* v. *John Hancock Mutual Life Ins. Co.,* supra. Because the officer testified that he could not remember the precise source of the remaining statements in the narrative, however, the plaintiff claimed that these statements were inadmissible hearsay. Specifically, the plaintiff objected to the "admission of that portion of the officer's narrative that recites that '[the plaintiff's] second attempt caused [her] vehicle to slide crosswise in the road and stop when [the defendant's] vehicle suddenly came over the hill.' " *Swenson* v. *Sawoska,* supra, 18 Conn. App. 599. The Appellate Court concluded that it could not determine whether that portion of the report was hearsay. Nevertheless, the Appellate Court held that, even if the narrative portion of the police accident report was inadmissible hearsay, "[t]here was sufficient other evidence to support the jury's verdict, including the location of the damage on the plaintiff's car. Any error, therefore, would be harmless." Id. Since we limit ourselves to the certified questions on appeal, we shall assume that the admission of the narrative portion of the police report was erroneous.

The plaintiff argues that the Appellate Court, by concluding that any error was harmless simply by determining that "[t]here was sufficient other evidence to support the jury's verdict"; id.; used an incorrect harmless error standard. We agree.

We have often stated that before a party is entitled to a new trial because of an erroneous evidentiary ruling, he or she has the burden of demonstrating that the error was harmful. *Hensley* v. *Commissioner of Transportation,* 211 Conn. 173, 184, 558 A.2d 971 (1989); *Manning* v. *Michael,* 188 Conn. 607, 611, 452 A.2d 1157 (1982); *DeCarufel* v. *Colonial Trust Co.,* 143 Conn. 18, 21, 118 A.2d 798 (1955). When determining that issue in a civil case, the standard to be used is whether the erroneous ruling "would likely affect the result." *Manning* v. *Michael,* supra; *DeCarufel* v. *Colonial Trust Co.,* supra. "Any testimony in a case that tends of itself or in connection with other testimony to influence the result on a fact in issue is material. If the testimony would tend to affect the verdict of the jury, it meets the test of materiality." *Berndston* v. *Annino,* 177 Conn. 41, 45, 411 A.2d 36 (1979). We conclude that the "sufficient other evidence" standard applied by the Appellate Court is too restrictive in that it does not encompass situations where the erroneously admitted evidence, while not necessary itself to sustain the jury's verdict, may nonetheless have affected the jury's perception of the remaining evidence. Such a standard is inappropriate because it would require that we treat as harmless error any evidentiary ruling, regardless of its effect upon the verdict, so long as the evidence not implicated by the ruling was sufficient as a matter of law to sustain the verdict.

Applying the correct standard, therefore, we must determine, assuming that the narrative contained in the police report was inadmissible, whether its admission was harmless error. "The determination of that question lies in the record. *Murray* v. *Gagliardi,* 105 Conn. 392, 394, 135 A. 293 (1926)." *Saphir* v. *Neustadt,* 177 Conn. 191, 202, 413 A.2d 843 (1979). Our review of the record reveals that the plaintiff has failed to sustain her burden of showing that the narrative was harmful.

At trial, the plaintiff testified that on her first attempt to drive up the hill on Kinsey Road her car skidded because of the slippery road conditions. She then backed down to the bottom of the hill along the right side of the road. Because of the severity of the skid, she decided not to make another attempt to drive up the incline. She said that she was then at the bottom of the hill facing forward, in her own lane, when she noticed the lights of a vehicle coming down the hill. At some point this vehicle skidded into her lane and hit her car.[5] She then said that after the collision her car came to rest further *up* the hill. This was so despite the fact that the defendant's car was proceeding down a precipitous, slippery incline at the time it struck hers. The plaintiff could not explain how her car was pushed up the hill under the circumstances.

On appeal, the plaintiff argues that she was prejudiced by the admission of the narrative because it described "how the accident occurred" and therefore undermined her credibility because of the conflicting accounts of the location of her car at the time of the accident. Specifically, at oral argument, the plaintiff claimed that the narrative in the police report prejudiced her because it implied that the defendant did not have enough time to stop his vehicle to avoid the accident because there was only a short distance between her car and the top of the hill and that the accident was caused by the existing hazardous conditions, not the defendant's negligence. The plaintiff claims, therefore, that under the proper standard the admission of the narrative was harmful.

The defendant contends, however, that even under the more restrictive standard for harmless error set

---

[5] The plaintiff testified that she was unsure of the point at which the defendant's vehicle swerved towards her car. She also gave conflicting accounts of where the defendant's vehicle hit hers.

forth above, the narrative would not have affected the jury's verdict. He supports his assertion by pointing to the overwhelming evidence properly admitted in the case, including: (1) the diagram portion of the police report; (2) the location of damage on the vehicles; and (3) the relative positions of the vehicles after the collision. He argues that because the challenged narrative is merely cumulative of the other evidence, its admission was harmless error. We agree.

It is well established that if erroneously admitted evidence is merely cumulative of other evidence presented in the case, its admission does not constitute reversible error. *State* v. *Magnano,* 204 Conn. 259, 285–86, 528 A.2d 760 (1987); *State* v. *Randolph,* 190 Conn. 576, 590, 462 A.2d 1011 (1983); *State* v. *Harris,* 182 Conn. 220, 230, 438 A.2d 38 (1980); *Pisel* v. *Stamford Hospital,* 180 Conn. 314, 327, 430 A.2d 1 (1980). The diagram, offered by the plaintiff and admitted by the court as an exhibit, depicts the police officer's impression of the location of the cars before the accident, and their actual location afterward. The diagram shows the plaintiff's vehicle crosswise in the road when the accident occurred. The narrative likewise states that the plaintiff's vehicle was "crossways in the road" at the time of the impact. Moreover, the location of the damage on each vehicle corroborated both the narrative and the police officer's diagram depicting the defendant's vehicle striking the plaintiff's car broadside. There is no dispute that the driver's door of the plaintiff's car sustained the most damage and the left front end of the defendant's vehicle was damaged.

The plaintiff's argument that the narrative was harmful because it implied that the automobiles were near the top of the hill at the time of the crash and thus contradicted her claim that the collision occurred at the bottom of the hill, is equally unavailing. The location of the vehicles at and after the collision was confirmed

by substantial evidence, other than the narrative portion of the report. The police officer testified that the vehicles were located more than fifty feet from the bottom of the hill *after* the accident. Moreover, the officer's diagram depicted the scene of the collision even closer to the crest of the hill. Although he could not locate the exact point of impact, he based his diagram, in part, on the fact that the debris from the accident was located even *further up the hill* than the location of the cars after the accident. Thus, the police officer's diagram and his testimony place the scene of the accident at least fifty feet from the bottom of the hill where the plaintiff says it occurred.

Moreover, at oral argument, the plaintiff asserted that the tire marks shown in the police officer's diagram indicate where she was parked at the time of the accident. On the basis of the diagram and the police officer's testimony, those tire marks were *more than fifty feet up the hill.* Consequently, her argument on appeal directly conflicts with her testimony at trial that the defendant's vehicle struck hers at the very bottom of the hill. Clearly, the plaintiff's current position is untenable.

Further, other than the narrative, there was substantial evidence that the hazardous road conditions were the cause of the accident, not the negligence of the defendant. The police officer testified that on the night of the accident there was a heavy snowstorm and that the snow was accumulating on the ground fairly quickly. He estimated that it took him thirty minutes to travel ten miles to the scene of the accident. When he arrived, Kinsey Road was "fully snow covered." Because of the hazardous conditions, he decided to park his car and to walk *up* the steeper portion of the incline to the plaintiff's and the defendant's cars, a distance of approximately fifty feet. The traction was slippery because the road still had not been plowed. Moreover,

when the plaintiff testified as to her futile attempt to climb the hill, she confirmed that it had been snowing and that Kinsey Road had been icy.

In sum, the plaintiff's version of the accident conflicted with the police officer's testimony, his diagram and the physical evidence. On the basis of this record, all unfavorable to the plaintiff, it is difficult to conceive of how the admission of the narrative could have been anything but harmless error.[6]

We affirm the decision of the Appellate Court.

In this opinion the other justices concurred.

---

[6] We find *Hutchinson* v. *Plante,* 175 Conn. 1, 392 A.2d 488 (1978), inapposite. Unlike the present case, in *Hutchinson* the police officer's testimony was inadmissible in its entirety because "the trooper accepted and reported the defendant operator's version of the event." Id., 6–7.