[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT REQUEST FOR LEAVE TO AMEND ANSWER
On August 11, 1997, the plaintiff, Chemical Mortgage Co., filed a foreclosure complaint against John Carbone and Kimberly Baia. The plaintiff alleges that on December 18, 1991, Carbone and Baia executed a promissory note in the principal amount of $72,850 in favor of Comnet Mortgage Services, Inc. (Comnet), CT Page 14853 which was secured by a mortgage on property located in West Haven, Connecticut. The plaintiff further alleges that the mortgage and note were assigned to Chemical Bank on February 27, 1992, and subsequently assigned to the plaintiff on June 1, 1992. The plaintiff alleges that Carbone and Baia defaulted on their payments beginning on April 1, 1996, and that, accordingly, the unpaid portion of the note has been accelerated.
On October 2, 1997, Carbone filed an answer and four special defenses. The first special defense alleges in ¶ 1 that "[t]he plaintiff and its predecessors have acted improperly towards said defendant and he therefore is entitled to setoff and/or a recoupment relative to any claimed debt." Paragraph 2 of the first special defense specifies the impropriety alleged in ¶ 1: "[T]he plaintiff has not credited [Carbone] for payments made on the subject note and have failed to honor their obligations relative to the subject note and provisions of same, have failed to timely respond to inquiries relative to payments and give proper notices of the transfer or sale of the subject note and mortgage or instructions and addresses and therefore should not be entitled to foreclosure or to enforce the subject note and mortgage or obtain a deficiency against . . . Carbone as he disputes the validity and enforcement of same." The second special defense repeats ¶¶ 1 and 2 of the first special defense and adds a third paragraph alleging bad faith and a breach of the covenant of good faith and fair dealing under General Statutes § 42a-1-203. The third special defense repeats the allegations in ¶¶ 1-3 of the second special defense and adds a fourth paragraph alleging unclean hands. Finally, the fourth special defense alleges that the plaintiff is an out of state corporation doing business in Connecticut without statutory authority and therefore should be precluded from maintaining this action pursuant to General Statutes §§ 33-396 and 33-412.
The plaintiff subsequently filed a request for Carbone to revise the first, second and third special defenses, to which Carbone objected. This Court sustained the objection.
On September 14, 1998, the plaintiff filed a motion for summary judgment on the ground that there exists no genuine issue of material fact and the plaintiff is entitled to judgment as a matter of law. On November 5, 1998, Carbone filed an objection to the motion for summary judgment, arguing that there exist genuine issues of fact which preclude summary judgment and that certain CT Page 14854 proof in support of the plaintiff's motion is insufficient, defective and legally erroneous. Carbone also filed a memorandum in opposition to the motion for summary judgment outlining the same arguments alleged in the objection.
Also on November 5, 1998, Carbone filed a request for leave to amend his answer and special defenses. The plaintiff has filed an objection to the request.
"Whether to allow an amendment is a matter left to the sound discretion of the trial court. [The appellate courts] will not disturb a trial court's ruling on a proposed amendment unless there has been a clear abuse of that discretion. . . . But unless there is some sound reason for denying permission to amend in order to remedy mispleading, [a request to do so] should be granted." Connecticut National Bank v. Voog, 233 Conn. 352, 369,658 A.2d 172 (1995). Subsequent to the filing of the motion for summary judgment by the plaintiff, Carbone filed a request for leave to amend his answer. The plaintiff has filed an objection to the request arguing that an amendment should not be granted while a motion for summary judgment is pending and, in any event, the additional facts alleged in the amended answer and special defenses are invalid and inapplicable to the defense of a foreclosure action. The plaintiff's argument is well taken.
First, it is not an abuse of discretion to sustain an objection to a request to amend proffered in response to a motion for summary judgment. See Conference Center Ltd. v. TRC,189 Conn. 212, 216-17, 455 A.2d 857 (1983). Moreover, consistent with the court's ruling on the motion for summary judgment, infra, it is evident that the amended answer would add nothing new to Carbone's alleged special defenses to salvage their invalidity. Indeed, Carbone concedes on the face of the request to amend that the amendment "merely clarifies the current, response on file and the defenses already asserted and simply adds one new defense" which was "not specifically alleged in the original answer, although same was implied."[1] Accordingly, the plaintiff's objection to Carbone's request to amend is sustained.
"Practice book § 384 [now Practice Book (1998 Rev.) § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial CT Page 14855 court must view the evidence in the light most favorable to the nonmoving party." (Citation omitted; internal quotation marks omitted.) Thompson Peck, Inc. v. Division Drywall, Inc.,241 Conn. 370, 374, 696 A.2d 326 (1997). "Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue. . . . [S]ee Practice Book §§ 380 and 381 [now Practice Book (1998 Rev.) §§ 17-45 and 17-46]." (Internal quotation marks omitted.) Beers v. Bayliner MarineCorp., 236 Conn. 769, 771 n. 4, 675 A.2d 829 (1996). "A `genuine' issue has been variously described as a `triable,' `substantial' or `real' issue of fact . . . and has been defined as one which can be maintained by substantial evidence. . . . Hence, the `genuine issue' aspect of summary judgment procedure requires the parties to bring forward before trial evidentiary facts, or substantial evidence outside the pleadings, from which the material facts alleged in the pleadings can warrantably be inferred. . . . A `material' fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Citations omitted.) United Oil Co. v. UrbanRedevelopment Commission, 158 Conn. 364, 378-79, 260 A.2d 596
(1969). "To oppose a motion for summary judgment successfully the nonmovant must recite specific facts . . . which contradict those stated in the movant's affidavits and documents." (Internal quotation marks omitted.) Connecticut National Bank v. Great NeckDevelopment Co., 215 Conn. 143, 148, 574 A.2d 1298 (1990). "It is not enough . . . for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]. . . . Only evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment. See Practice Book § [17-46]." (Citation omitted; internal quotation marks omitted.)Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185,202-03, 663 A.2d 1001 (1995).
Although it is improper to move for summary judgment as to a special defense; see Seymour v. Buckley, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 049330 (January 23, 1997, Curran, J.T.R.) (18 CONN. L. RPTR. 583); "[a] party may properly move for summary judgment as to the complaint, based upon the allegations of a special defense." (Internal quotation marks omitted.) Source One v. Dziurzynski, Superior CT Page 14856 Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 145337 (May 22, 1996, Hickey, J.) (17 CONN. L. RPTR. 29); see also State v. Douglas, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 570994 (March 23, 1998, Teller, J.).
"Recovery on a promissory note requires proof of a written promise to pay a certain sum of money at a certain time and signed by the maker." Housatonic Bank Trust Co. v. BuselliAssociates, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 031267 (March 5, 1992, Curran, J.), aff'd,30 Conn. App. 908, 618 A.2d 593, cert. denied, 225 Conn. 914,623 A.2d 1023 (1993). "When examination of the affidavit and exhibits accompanying the plaintiff's motion for summary judgment discloses the unchallenged existence of unpaid debts, summary judgment can be granted." Connecticut National Bank v. Nader, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 373107 (November 21, 1991, Schaller, J.) (6 C.S.C.R. 1136), citing Connecticut National Bank v. Great NeckDevelopment Co., supra, 215 Conn. 143; see also People's Bank v.Jaffe, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 285923 (November 24, 1992, Leheny, J.). "[T]he court may grant a motion for summary judgment on liability only and hold a hearing on damages at a later date. . . ." (Citation omitted; internal quotation marks omitted.) FirstCommerce of America, Inc. v. Mannion, Superior Court, judicial district of Danbury, Docket No. 315683 (August 17, 1994, Mihalakos, J.); see Practice Book § 385, now Practice Book (1998 Rev.) § 17-50.
In support of its motion for summary judgment, the plaintiff has provided certified copies of the note, mortgage and assignments. The plaintiff has also provided copies of Carbone's responses to the plaintiff's request for admission of facts and Carbone's responses to the plaintiff's first set of interrogatories and request for production. Finally, the plaintiff has provided an affidavit of Subodh Singh, Assistant Secretary of Chemical Mortgage Co., attesting to the accuracy, reliability and trustworthiness of computer record keeping of the plaintiff, and attesting to the default by Carbone as well as the total amount owed to the plaintiff as a result thereof.
The plaintiff argues that this evidence submitted in support of the motion for summary judgment establishes the material allegations of its complaint. In addition, the plaintiff asserts, CT Page 14857 that Carbone's special defenses are factually unsupported and are legally insufficient. Accordingly, the plaintiff argues that it has sufficiently demonstrated that there exists no genuine issue of material fact and that it is entitled to judgment as a matter of law.
In opposition, Carbone argues that there exist genuine issues of material fact regarding the allegations raised in the special defenses, thus precluding summary judgment. Carbone also argues that the plaintiff's proof submitted in support of its motion for summary judgment is defective and insufficient, and should therefore be disregarded. The court will address this latter argument first.
Carbone specifically challenges the affidavit submitted by the plaintiff and argues that it fails to comply with Practice Book § 17-46, in that the affiant does not claim personal knowledge relative to the matters at issue. While not entirely clear, it appears that Carbone contends that the affiant has no knowledge of the documents he references, of the subject property or of either defendant, and has no knowledge relative to Carbone's claimed special defenses.
Practice Book § 17-46 provides, in relevant part, that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Indeed, "in summary judgment proceedings, affidavits made by corporate officers and other parties must aver or affirmatively show personal knowledge of the matters stated therein." Evans ProductsCo. v. Clinton Building Supply, Inc., 174 Conn. 512, 515,391 A.2d 157 (1978). "The Evans Products case appears to acknowledge . . . that a statement that an individual `is familiar with or controls the plaintiff's business records' shows the personal knowledge of the affiant." (Internal quotation marks omitted.) Margaretten Co. v. Parikh, Superior Court, judicial district of Litchfield, Docket No. 069768 (January 30, 1997, Pickett, S.T.R.). Moreover, courts have determined that affidavits indicating that the affiant was "familiar with the subject matter of [the] suit"; Brookfield v. Candlewood ShoresEstates, Inc., 201 Conn. 1, 9, 513 A.2d 1218 (1986); or "fully familiar with the facts set forth herein"; Margaretten Co. v.Parikh, supra, Superior Court, Docket No. 069768; complied with the requirements of Practice Book § 17-46. CT Page 14858
In the present case, the affidavit explicitly states that the affiant is "fully familiar with the facts set forth herein based on an examination of the computer business records of" the plaintiff. Carbone's argument that the affiant lacks personal knowledge of the defendants and knowledge relative to the circumstances surrounding Carbone's claimed special defenses is groundless — the purpose of the affidavit is simply to establish that there exists a promise, a default and the amount due on the default. The affidavit does not purport to address "Carbone's claims and defenses" or "how Carbone was treated"; see Carbone's Memorandum in Opposition to Motion for Summary Judgment; nor are such considerations pertinent to the purpose for which the affidavit has been submitted. Accordingly, the court finds that the affidavit sufficiently demonstrates the affiant's personal knowledge.
The plaintiff has established, through its exhibits and affidavit, that it loaned Carbone $72,850, as evidenced by the promissory note and mortgage signed by Carbone; see Plaintiff's Motion for Summary Judgment, Exhibits A B; and through Carbone's admission.[2] See Plaintiff's Motion for Summary Judgment, Exhibit 1. The plaintiff has also established that Carbone has defaulted on the loan, as evidenced by the affidavit of Singh.
To successfully oppose the motion for summary judgment, Carbone must recite specific facts which contradict those stated in the plaintiff's affidavits and documents. See ConnecticutNational Bank v. Great Neck Development Co., supra,215 Conn. 148. Carbone has provided his affidavit in support of the opposition to the motion for summary judgment.[3] Carbone includes in his affidavit allegations which purportedly support his special defenses and demonstrate that there exists a genuine issue of material fact regarding the special defenses. The affidavit is, however, irrelevant to the question of the existence of a genuine issue of material fact because the allegations in the affidavit relate to special defenses which are invalid .
"In a foreclosure action, defenses are generally limited to payment, discharge, release, satisfaction or invalidity of a lien." State Street Mortgage Co. v. Silano, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 052499 (February 6, 1997, Curran, J.). "In recognition that a CT Page 14859 foreclosure action is an equitable proceeding, courts have allowed mistake, accident, fraud, equitable estoppel, CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure and a refusal to agree to a favorable sale to a third party to be pleaded as special defenses. . . . Other defenses which have been recognized are usury, unconscionability of interest rate, duress, coercion, material alteration, and lack of consideration." (Citations omitted; internal quotation marks omitted.) Mundaca InvestmentCorp. v. Atwood, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 319174 (February 21, 1996, Moran, J.); see also GMAC Mortgage Corp. v. Ferrante, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 343559 (October 3, 1997, West, J.); State Street Mortgage Co. v. Silano,supra, Superior Court, Docket No. 052499. "These special defenses have been recognized as valid special defenses where they were legally sufficient and addressed the making, validity or enforcement of the mortgage and/or note. . . . The rationale behind this is that . . . special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action. . . . Further, based on the same rationale, the defenses . . . cannot attack some act or procedure of the lienholder." (Citations omitted; internal quotation marks omitted.) Rinere v. M. Kalfus Building DesignCorp., Superior Court, judicial district of New Haven at New Haven, Docket No. 388220 (January 30, 1997, Celotto, S.T.R.); seeDime Savings Bank of New York v. Furey, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 047557 (April 1, 1996, Curran, J.)
Carbone's first special defense alleges a variety of acts by the plaintiff which Carbone deems to be improper. First, Carbone claims that the plaintiff has not properly credited him for payments made. This is not a recognized special defense in a foreclosure action because it does not attack the making, validity or enforcement of the note or mortgage, only the amount due. See Shawmut Bank Connecticut v. Hoffman, Superior Court, judicial district of Tolland at Rockville, Docket No. 054448 (May 19, 1995, Rittenband, J.).
Second, Carbone asserts that the plaintiff has "failed to honor [its] obligations relative to the subject note and provisions of same." This allegation fails to identify with CT Page 14860 sufficient specificity which obligations the plaintiff has failed to honor, and no facts in the plaintiff's affidavit identify a breach of any specific provisions in the note or mortgage. Thus, this allegation fails to attack the making, validity or enforcement of the note or mortgage and does not constitute a recognized defense.
Finally, Carbone alleges in the first special defense that the plaintiff "failed to timely respond to inquiries relative to payments and give proper notices of the transfer or sale of the subject note and mortgage or instructions and addresses." Such a basis for a special defense is not recognized in Connecticut because it does not attack the making, validity or enforcement of the note or mortgage. At best, the allegations constitute an attack on some act or procedure of the lienholder unrelated to enforceability of the underlying note or mortgage. "[D]efenses to a foreclosure are recognized [only] when they attack the note itself rather than some behavior of the mortgagor. MorganGuaranty Trust Co. v. Davis, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 141885 (November 1, 1995, Nadeau, J.).
In the second special defense, Carbone asserts bad faith and a breach of the covenant of good faith and fair dealing pursuant to General Statutes § 42a-1-203, apparently based on the allegations of the first special defense. "Good faith performance or enforcement of a contract emphasizes faithfulness to an agreed common purpose and consistency with the justified expectations of the other party. . . . Essentially it is a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended. The principle, therefore, cannot be applied to achieve a result contrary to the clearly expressed terms of a contract, unless, possibly, those terms are contrary to public policy." (Citations omitted; internal quotation marks omitted.) Magnan v. Anaconda Industries,Inc., 193 Conn. 558, 566-67, 479 A.2d 781 (1984). While the defense of the breach of the impled covenant of good faith and fair dealing is recognized as a valid defense to a foreclosure action, it is only valid where it addresses the making, validity or enforcement of the note or mortgage. See SouthbridgeAssociates, LLC v. Garofalo, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 339031 (October 7, 1997, West, J.). None of the allegations in Carbone's affidavit indicate how the plaintiff's alleged activity violated any intended obligations or expectations of the parties as derived CT Page 14861 from the language of the note or mortgage. Indeed, none of the allegations presented in either the special defense itself or Carbone's affidavit are appropriate bases for a special defense in a foreclosure action since such allegations fail to address the making, validity or enforcement of the note or mortgage. Accordingly, such allegations cannot constitute the basis for the special defense of a breach of the covenant of good faith and fair dealing. See First Federal Savings Loan Association ofEast Hartford v. Chappell, Superior Court, judicial district of Tolland at Rockville, Docket No. 061212 (January 3, 1997, Rittenband, J.); Morgan Guaranty Trust Co. v. Davis, supra, Superior Court, Docket No. 141885.
In the third special defense, Carbone asserts the defense of unclean hands, based on the allegations of the first and second special defenses. "The defense of unclean hands to a mortgage foreclosure has generally been disallowed in this state."Mechanics Farmers Savings Bank, FSB v. Delco Development Co.,43 Conn. Sup. 408, 420, 656 A.2d 1075 (1993), aff'd,232 Conn. 594, 656 A.2d 1034 (1995). In addition, the "doctrine is applied not for the protection of the parties but for the protection of the court." Pappas v. Pappas, 164 Conn. 242, 246, 320 A.2d 809
(1973). Therefore, such a defense is inappropriate.
Finally, in the fourth special defense, Carbone asserts that the plaintiff is an out of state corporation doing business in Connecticut without statutory authority and therefore should be precluded from maintaining this action pursuant to General Statutes §§ 33-396 and 33-412.[4] "Assuming arguendo that the plaintiff's foreclosure action falls under the rubric of `transacting business' and that the plaintiff is a foreign corporation such that certification is required before bringing suit, these allegations are not proper defenses to a foreclosure action. These special defenses are not defenses traditionally allowed in foreclosure actions. Furthermore, they are not equitable defenses to the foreclosure action because they do not address the making, validity or enforcement of the note. By contrast, [such] special defenses . . . relate to `some behavior or business practice of the mortgagee,' which is not a defense to a foreclosure action." Shanas Group v. Taylor, Superior Court, judicial district of New Haven at New Haven, Docket No. 380296 (March 3, 1997, Celotto, J.), quoting Derby Savings Bank v.Benedetti, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 050760 (April 23, 1996, Curran, J.). CT Page 14862
The evidence provided in Carbone's affidavit fails to contradict the plaintiff's evidence of the existence of, or failure to pay, the debt. The special defenses and supporting allegations, including those in the affidavit, fail to sufficiently challenge the making, validity or enforcement of the note or mortgage. Therefore, the defendant has failed to successfully oppose the plaintiff's motion for summary judgment. Accordingly, since there exists no genuine issue of material fact regarding the existence of an unpaid debt owed to the plaintiff by Carbone, and the plaintiff is entitled to judgment as a matter of law, the plaintiff's motion for summary judgment is granted, as to liability only. Furthermore, Carbone's objection to the motion for summary judgment is overruled.
Because Carbone's request for leave to amend his answer is filed apparently in response to a motion for summary judgment, and because the amendment would not cure deficiencies in the special defenses nor add additional valid defenses to the action, the plaintiff's objection to the request is sustained. Moreover, upon consideration of the evidence submitted in support of the plaintiff's motion for summary judgment, it is evident that the motion should be granted as Carbone has failed to raise a genuine issue of material fact regarding the existence of the debt owed and his default upon such debt. The special defenses raised in support of the objection and opposition to the motion for summary judgment are either invalid in a foreclosure action or inappropriate under the present circumstances. Accordingly, the plaintiff's motion for summary judgment is granted, as to liability only, and Carbone's objection to the motion for summary judgment is overruled.
THE COURT
CURRAN, J.