[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANTS' MOTION TO PRECLUDE AND MOTION TO BIFURCATE
CT Page 1783
The defendants, having been presented by the plaintiff with substantial medical records and bills, not previously disclosed, some three weeks prior to the scheduled week for jury selection to commence, have moved that the records and testimony concerning them be precluded. In the alternative they have moved that the trial be bifurcated, with a consideration of testimony as to damages not coming until after a decision on liability, if such decision is in favor of the plaintiff. For the reasons that follow, the court adopts the defendant's second alternative and orders that the trial be bifurcated.
In brief, this case involves a claim by the plaintiff that as she attempted to cross York Street in New Haven, she was struck by a vehicle owned by the defendant Yale and operated by one of its employees. Liability is hotly contested by the defense, which has interposed a special defense to the effect that the plaintiff's injuries were due to her own negligence. The plaintiff concededly sustained a seriously disfiguring injury to her right leg, requiring substantial medical treatment. She also claims that she required significant psychiatric treatment as the result of this accident, and the lion's share of the recently disclosed medical records and bills relate to this treatment. The defendants have had no opportunity to respond to these disclosures, which they made a good faith effort to obtain for many months, and they have also been unable to depose the plaintiff's treating psychiatrist or obtain their own psychiatric expert.
The defendants concede that preclusion is a severe sanction and suggest that bifurcation is more appropriate in light of the facts that: 1)given the difficult liability hurdles the plaintiff faces, combined with the fact that testimony as to liability is likely to be brief and to come from a very few witnesses, bifurcation is likely to conserve the time and effort of the court and the jury; 2) the defendant would be prejudiced by having to defend against the plaintiff's damage claims in light of the plaintiff's late disclosures; 3) the plaintiff would not prejudiced by bifurcation because the only advantage that she would gain by trying liability and damages together would be based on sympathy, an impermissible basis for a finding of liability. CT Page 1784
"Bifurcation of trial proceedings lies solely within the discretion of the trial court; see Day v. General Electric CreditCorp. , 15 Conn. App. 677, 689, 546 A.2d 315, cert. denied,209 Conn. 819, 551 A.2d 755 (1988); In re Jose C., 11 Conn. App. 507,508, 527 A.2d 1239 (1987); and appellate review is limited to a determination of whether that discretion has been abused. SeeSwenson v. Sawoska, 18 Conn. App. 597, 601, 559 A.2d 1153 (1989), aff'd, 215 Conn. 148, 575 A.2d 206 (1990).
"The interests served by bifurcated trials are convenience, negation of prejudice and judicial efficiency. Vichare v. Ambac,Inc., 106 F.3d 457, 466 (2d Circ. 1996). Birfurcation may be appropriate in cases in which litigation of one issue may obviate the need to litigate another issue. See Morse/Diesel, Inc. v.Fidelity Deposit Co., of Maryland, 763 F. Sup. 28, 35
(S.D.N.Y.), modified in parts on other grounds, 768 F. Sup. 115
(S.D.N.Y. 1991)." Reichold Chemicals, Inc. v. Hartford Accident Indemnity Co., 243 Conn. 243 Conn. 401, 423-24, 703 A.2d 1132
(1997).
The plaintiff's objection to bifurcation is first grounded in her claim, that she had made substantial early compliance with defendants' discovery requests, that the defendants were aware of her psychiatric treatment since a deposition of the plaintiff several years ago, that unlike the plaintiff in O'Shea v.Minogue, 50 Conn. App. 577 (1998), it is not she who is seeking bifurcation, and that the defendants have not claimed that they would be financially prejudiced because of the risk of bearing the cost of excessive expert fees.
The court concludes that the plaintiff has had ample opportunity to make full disclosure to the defendants regarding her medical and psychiatric treatment, and her failure to do so in full until less than three weeks before trial has prejudiced the defendants' ability to defend the damages portion of the plaintiff's complaint. Other than its impact on the plaintiff's ability to inject sympathy into the trier of fact's liability determination, the plaintiff has shown no prejudice arising out of bifurcation. Given the contrast between the relatively straightforward liability issues and the complicated damages picture, bifurcation is indeed likely to conserve the time and efforts of the court and the jury.
Bifurcation should certainly not be granted simply to satisfy a court's desire to promote expediency. Under the circumstances CT Page 1785 presented here, however, it is — an appropriate way of resolving fairly and promptly the liability dispute between the parties while preserving the opportunity for a full and fair hearing on damages, if one is needed.
The motion to preclude is therefore denied, and the motion to bifurcate the trial is granted.
Jonathan E. Silbert, Judge