# RALPH DUMAS *v.* RAFAEL MENA ET AL.
## (AC 24691)

Foti, Schaller and Dranginis, Js.

Argued January 7—officially released March 16, 2004

*William J. Melley III*, for the appellants (named defendant et al.).

*Gerald M. Beaudoin*, for the appellee (plaintiff).

*Opinion*

FOTI, J. The defendants Rafael Mena and the city of Hartford appeal from the judgment of the trial court, rendered after a jury trial, in favor of the plaintiff, Ralph Dumas. The jury awarded $23,453[1] to the plaintiff as compensation for personal injuries that he sustained in a motor vehicle accident that took place in Hartford on October 21, 1999. We affirm the judgment of the trial court.

The jury reasonably could have found that the plaintiff stopped his vehicle at a stop sign, located at the intersection of Granby Street and Burlington Street, and then proceeded onto Granby Street, turning left into the southbound lane. At the same time, Mena, an officer in the Hartford police department, was traveling northbound on Granby Street in a police cruiser, responding to a disturbance call. Mena, during the course of his employment for the city, negligently operated his vehicle so that it crossed into Dumas' lane and the two vehicles collided. As a result of Mena's negligence, both Dumas and Mena sustained injuries. The defendant Albert DiStefano, a Hartford police officer, investigated

---

[1] The jury found the plaintiff's total damages to be $46,906, but awarded him $23,453 on the basis of its finding that the plaintiff was 50 percent comparatively negligent.

the accident and issued a ticket to Dumas for violating General Statutes § 14-301 (c).[2]

Dumas subsequently commenced a three count action against Mena, the city of Hartford and DiStefano. In the first count, which was directed at Mena and the city, Dumas alleged that Mena's negligence caused the accident. In the second count, Dumas alleged that DiStefano's issuance of a ticket to Dumas constituted an abuse of process. In the third count, Dumas alleged that Mena falsely informed DiStefano that Dumas had failed to stop at the stop sign and that such conduct constituted an abuse of process.

Prior to trial, the defendants filed a motion to bifurcate the trial of the negligence claim from the trial of the abuse of process claims. They essentially argued that the evidence relating to the abuse of process claims would prejudice the jury as to the negligence claim. The court denied the motion to bifurcate. The jury returned a verdict in favor of the plaintiff on the negligence count and in favor of the defendants on the abuse of process counts. The defendants thereafter filed a motion to set aside the verdict and for a new trial, claiming that the court abused its discretion in denying their motion to bifurcate the negligence claim from the abuse of process claims and that such denial caused them prejudice. The court denied the motion. On appeal, Mena and the city again argue that the judgment should be set aside on that ground.

The record reflects that the defendants filed their motion to bifurcate on the day prior to the start of

---

[2] General Statutes § 14-301 (c) provides: "The driver of a vehicle shall stop in obedience to a stop sign at such clearly marked stop line or lines as may be established by the traffic authority having jurisdiction or, in the absence of such line or lines, shall stop in obedience to a stop sign at the entrance to a through highway and shall yield the right-of-way to vehicles not so obliged to stop which are within the intersection or approaching so closely as to constitute an immediate hazard."

the trial. The defendants stated in their motion that "[a]lthough the actions arise out of the same set of facts, the legal theories behind the recovery reached are quite varied as one is of simple negligence and the other is a tort." The defendants also argued that bifurcation was necessary "for the reason that the opening statements that posture the questions and the evidence will serve as a distraction to the jury with regard to its immediate and primary focus: whether or not the plaintiff has sustained his burden that Officer Mena was the cause of the motor vehicle accident. If the plaintiff fails in that burden of proof, the jury will never need to address the issue of the allege[d] abusive process."

The court heard argument concerning the motion and, in denying the defendants' motion, stated: "I see little to be gained by bifurcating and certain disadvantages. I think we would end up trying some of the same issues twice. It may be that there are some things that are appropriate on the verdict form or even in the charge, but I'm going to deny the motion to bifurcate."

"Pursuant to General Statutes § 52-205[3] and Practice Book § 15-1,[4] the trial court may order that one or more issues that are joined be tried before the others. The interests served by bifurcated trials are convenience, negation of prejudice and judicial efficiency. . . . Bifurcation may be appropriate in cases in which litigation of one issue may obviate the need to litigate another issue. . . . The bifurcation of trial proceedings lies solely within the discretion of the trial court." (Citation omitted; internal quotation marks omitted.) *Barry* v.

[3] General Statutes § 52-205 provides: "In all cases, whether entered upon the docket as jury cases or court cases, the court may order that one or more of the issues joined be tried before the others."

[4] Practice Book § 15-1 provides in relevant part: "In all cases, whether entered upon the docket as jury cases or court cases, the judicial authority may order that one or more of the issues joined be tried before the others. . . ."

*Quality Steel Products, Inc.*, 263 Conn. 424, 448–49, 820 A.2d 258 (2003).

Nothing in the record persuades us that the court abused its broad discretion. Mena and the city claim that by denying the request to bifurcate the trial, the court allowed the plaintiff to commence "a wholesale attack on the credibility of the witnesses . . . as the trial was an attack on the integrity of all the officers involved based upon [a] theory of conspiracy." Mena and the city allege that even though they were success-ful on the second and third counts, "the commingling of the issues had a negative overall effect on the case and had to serve as a distraction to the jury in the ultimate decision on the first count," and, therefore, the judgment should be reversed and the matter remanded for a new trial on the first count only. We disagree.

In determining whether the court has abused its dis-cretion, we must make every reasonable presumption in favor of the correctness of its action. See *Turk* v. *Silberstein*, 48 Conn. App. 223, 226, 709 A.2d 578 (1998). The discretion is a legal discretion, "exercised in confor-mity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of sub-stantial justice." (Internal quotation marks omitted.) *O'Shea* v. *Mignone*, 50 Conn. App. 577, 583, 719 A.2d 1176, cert. denied, 247 Conn. 941, 723 A.2d 319 (1998).

We cannot conclude that the court's denial of the defendants' motion, based on principles of convenience and judicial economy, infected the fairness of the trial so as to amount to an abuse of discretion. The witnesses involved and the evidence to be presented with regard to all three counts of the complaint were identical; the issues were interrelated. We do not view as persuasive Mena's and the city's argument that the failure to bifur-cate the trial unfairly prejudiced the jury in assessing

credibility. We also do not accept their claim that if the court had granted their motion, a verdict in their favor on the negligence count would necessarily have obviated the need for a trial on the two counts of abuse of process. Mena and the city argue that only if the plaintiff was "completely successful in [his negligence] claim, then and only then would the issue of that abuse of process come to bear." They do not cite any authority to demonstrate that such a legal impediment existed in the plaintiff's case.

We conclude that the court acted within its discretion in denying the defendants' motion to bifurcate, that the ruling was not based on untenable grounds and that Mena and the city have failed to demonstrate resulting undue prejudice from that ruling either at trial or on appeal.

The judgment is affirmed.

In this opinion the other judges concurred.