## MICHAEL SACZYNSKI, JR. *v.* MICHAEL SACZYNSKI, SR.
### (AC 28613)

McLachlan, Lavine and Berdon, Js.

Argued April 30—officially released July 29, 2008

*Gregory J. Sachs*, for the appellant (plaintiff).

*Lorinda S. Coon*, with whom was *Patrick J. Flaherty*, for the appellee (defendant).

LAVINE, J. In this negligence action, the plaintiff, Michael Saczynski, Jr., appeals from the judgment of the trial court, rendered after a jury trial, in favor of the defendant, Michael Saczynski, Sr. The plaintiff claims on appeal that the court (1) improperly bifurcated the trial and (2) inadequately charged the jury. We affirm the judgment of the trial court.

The record includes the following facts and procedural history. In March, 2003, the plaintiff lived in Branford in a home he owned jointly with his daughter. Adjoining the property was a premises owned by the defendant, who is the plaintiff's father. The two properties shared a driveway. On March 6, 2003, the plaintiff fractured his ankle as he slipped and fell on ice in the driveway of the defendant's property. He subsequently brought this negligence action against the defendant.

At a pretrial hearing on February 8, 2007, the court, *Lager*, *J.*, sua sponte, ordered the trial bifurcated on the issues of liability and damages. The court's explanation of the issues to be determined at the liability trial was as follows: "The jury will first be asked to determine, upon presentation of evidence about these facts and these facts alone, the following issues: the status of the plaintiff on the premises . . . [w]hether or not there was a specific defective condition on the property . . . that is, an accumulation of snow and ice; whether or not the defendant had actual or constructive notice of that specific defective condition; whether or not the defendant breached a duty of care owed to the plaintiff in that regard, that is, whether there was negligence; and if the jury concludes that the defendant was negligent, the jury will also be asked to determine whether

or not the plaintiff was negligent in the way in which he approached that area on the date in question."

The court noted the objection of the defense counsel to the bifurcation order at the pretrial hearing. Prior to the evidentiary portion of the liability trial, the court noted the objection of the plaintiff's counsel to the bifurcation. At no time was the court asked to provide an explanation of why bifurcation was ordered. On February 20, 2007, at the completion of the trial on liability, the jury returned a verdict in favor of the defendant. The jury was not asked to answer special interrogatories. This appeal followed.

I

The plaintiff first claims that the court abused its discretion when it bifurcated the liability and damages aspects of the trial without explaining its reasons for doing so. We do not agree.

Pursuant to General Statutes § 52-205 and Practice Book § 15-1, a trial court may order that one or more issues that are joined be tried before the others. "Bifurcation may be appropriate in cases in which litigation of one issue may obviate the need to litigate another issue. . . . The bifurcation of trial proceedings lies solely within the discretion of the trial court." (Internal quotation marks omitted.) *Dumas* v. *Mena*, 82 Conn. App. 61, 64, 842 A.2d 618 (2004). Accordingly, "appellate review is limited to a determination of whether this discretion has been abused." *Swenson* v. *Sawoska*, 18 Conn. App. 597, 601, 559 A.2d 1153 (1989), aff'd, 215 Conn. 148, 575 A.2d 206 (1990). "In reviewing claims that the trial court abused its discretion the unquestioned rule is that great weight is due to the action of the trial court and every reasonable presumption should be given in favor of its correctness; the ultimate issue is whether the court could reasonably conclude as it did . . . ." (Internal quotation marks omitted.) *In re*

*Jose C.*, 11 Conn. App. 507, 508, 527 A.2d 1239 (1987). "The interests served by bifurcated trials are convenience, negation of prejudice and judicial efficiency." See *Reichhold* v. *Hartford Accident & Indemnity Co.*, 243 Conn. 401, 423, 703 A.2d 1132 (1997), on appeal after remand, 252 Conn. 774, 750 A.2d 1051 (2000).

The plaintiff asks us to conclude that the court's bifurcation order constitutes an abuse of discretion because it served to insulate the jury from information about his injuries and lost earning capacity. From a tactical viewpoint, the plaintiff's argument is understandable. From a legal viewpoint, however, it fails. See *Swenson* v. *Sawoska*, supra, 18 Conn. App. 601. One party's damages do not affect the question of whether another party is liable. See *McKiernan* v. *Caldor, Inc.*, 183 Conn. 164, 166, 438 A.2d 865 (1981) (court determined it was not necessary to consider claimed error relating to damages when verdict had absolved defendants from liability). Given the interests served by bifurcation, we cannot conclude that the court abused its discretion. In light of the broad discretion reposed in the court, the fact that neither party requested bifurcation does not change our conclusion.

Additionally, the plaintiff has failed to argue that the bifurcation order likely affected the result of the trial. See *Borkowski* v. *Borkowski*, 228 Conn. 729, 747, 638 A.2d 1060 (1994). A party is entitled to relief from a court's allegedly improper rulings "only if . . . those rulings were harmful." Id. For the foregoing reasons, the plaintiff's first claim must fail.

## II

The plaintiff's second claim is that the court, *Cosgrove, J.*, improperly charged the jury on the issue of nondelegable duty.[1] Because the general verdict rule applies to this claim, we decline to afford it review.

---

[1] The plaintiff also claims that the court inadequately charged the jury on the issue of control. The plaintiff neither requested a charge on this issue

"[T]he general verdict rule is a rule of appellate juris-prudence designed to further the general principle that it is the appellant's responsibility to provide a record upon which reversible error may be predicated. . . . Under the general verdict rule, if a jury renders a general verdict for one party, and no party requests interrogatories, an appellate court will presume that the jury found every issue in favor of the prevailing party. . . . Thus, in a case in which the general verdict rule operates, if any ground for the verdict is proper, the verdict must stand; only if every ground is improper does the verdict fall. . . . A party desiring to avoid the effects of the general verdict rule may elicit the specific grounds for the verdict by submitting interrogatories to the jury." (Citations omitted; internal quotation marks omitted.) *Morales* v. *Moore*, 85 Conn. App. 208, 210, 855 A.2d 1041 (2004).

In the present case, the defendant's answer denied the allegation of negligence set forth in the plaintiff's complaint. The defendant's special defense alleged that the plaintiff's negligence contributed to his injuries. During the administration of its jury charge, the court instructed the jury on both the defendant's denial of the allegations and his special defense of contributory negligence. Either of these theories could have supported the jury's general verdict.

"We repeatedly have held that when a plaintiff's claim alleges a defect in the instruction that relates only to the theory of negligence, leaving the contributory negligence route untainted, the general verdict rule applies." (Internal quotation marks omitted.) Id., 211. Neither party submitted interrogatories to the jury, which

nor objected to the charge that was given. Accordingly, his claim is not reviewable. "[A] claim of error in a jury charge may be preserved either by making a specific request to charge or by excepting properly to the charge as given." *Willow Springs Condominium Assn., Inc.* v. *Seventh BRT Development Corp.*, 245 Conn. 1, 23, 717 A.2d 77 (1998); see Practice Book § 16-20.

returned a general verdict in favor of the defendant. Without interrogatories, we are not able to determine whether the jury found in favor of the defendant because the plaintiff failed to prove the allegations of the complaint or because the defendant prevailed on his special defense. We therefore must presume that the jury found every issue in favor of the defendant. See id.

The plaintiff's claim relates only to the jury's finding that the defendant was not negligent. As a result, it fails to undermine the presumed finding of contributory negligence. Application of the general verdict rule precludes our review of the plaintiff's second claim.

The judgment is affirmed.

In this opinion the other judges concurred.